Escalera, Apelante, *v.* Falú et al., Apelados.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 984.—Resuelto en junio 17, 1913.

Bienes Gananciales—Venta—Participaciones Proindiviso—Liquidación de la Sociedad de Gananciales.—La liquidación de la sociedad de gananciales no es un requisito previo e indispensable para que la viuda y los herederos del cónyuge premuerto puedan válidamente vender los derechos que en común y proindiviso tengan en una finca de la sociedad de gananciales.

Id.—Liquidación de la Sociedad de Gananciales—Porción Determinada de la Finca.—La liquidación de la sociedad de gananciales es únicamente indispensable cuando el cónyuge superviviente y los herederos del cónyuge premuerto deseen enajenar porciones determinadas y específicas de una finca perteneciente a la sociedad de gananciales, y dicha liquidación puede verificarse al mismo tiempo que se practica el arreglo testamentario de los bienes relictos del cónyuge premuerto, siguiendo para ello los trámites que marca la ley de procedimientos legales especiales de marzo 9, 1905.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Cay. Coll Cuchí.*

Abogado de los apelados: *Sr. Francisco Socorro.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Con fecha 15 de enero del corriente año Bárbara Escalera Falú produjo demanda jurada a la Corte de Distrito del Distrito Judicial de San Juan, Sección 1ª., contra Dominga Falú Cruz, Anastasio, Monserrate y Mónico Escalera Falú, Justina Escalera Millán y Octaviano José Herrera, en que alega como fundamento de su acción los siguientes hechos:

*Primero.* Que la demandante es hija legítima de Félix Escalera y Dominga Falú.

*Segundo.* Que Félix Escalera falleció en octubre de 1895 bajo testamento otorgado en 17 de febrero del mismo año.

*Tercero.* Que Félix Escalera instituyó por sus únicos y

exclusivos herederos a sus seis hijos, Modesto, Anastasio, Cristina, Monserrate, Mónico y la demandante Bárbara Escalera.

*Cuarto.* Que a la muerte de Félix Escalera, su esposa Dominga Falú Cruz y sus hijos continuaron viviendo en una de las fincas de la propiedad del difunto, pero la demandada, Dominga Falú Cruz, fué la que continuó administrando el total de los bienes de Escalera.

*Quinto.* Que todos los bienes del finado Escalera fueron adquiridos durante su matrimonio con Dominga Falú, teniendo el carácter de gananciales.

*Sexto.* Que la cónyuge supérstite Dominga Falú no ha practicado en tiempo alguno la liquidación de la sociedad de gananciales.

*Séptimo.* Que por escritura pública otorgada en 28 de febrero de 1912 los demandados Dominga, Anastasio, Cristina, Monserrate, Justina y Mónico Escalera vendieron al demandado Octaviano José Herrera, por la suma de $9,000 una finca rústica que formaba parte de los bienes de la sociedad de gananciales del matrimonio Escalera-Falú, habiendo llevado a cabo para otorgar dicha escritura una mensura y división de la expresada finca y adjudicádose partes proporcionales en la misma, todo contra la voluntad de la demandante y sin la debida liquidación de la sociedad de gananciales.

*Octavo.* Que a la muerte de Félix Escalera quedó una cantidad considerable de bienes, los cuales fueron administrados por Dominga Falú que gozaba de sus rentas y muchos de ellos vendidos a otras personas en provecho de Dominga Falú y con perjuicio de la demandante.

*Noveno.* Que los bienes de la sociedad conyugal Escalera-Falú tienen, según creencia de la demandante, un valor de más de $20,000.

Se incorporaron a la demanda para que formaran parte de ella, el testamento de Félix Escalera otorgado en 17 de febrero de 1895 y la escritura de venta de 28 de febrero de 1912 a favor del demandado Octaviano José Herrera.

La demanda concluye con la súplica de que se declare nula la escritura de referencia y se ordene a la demandada Dominga Falú practique en el término de treinta días la liquidación de los bienes gananciales de su matrimonio con Félix Escalera, condenando a los demandados a pagar a la demandante las costas del juicio y los honorarios de abogado.

A la anterior demanda opuso la representación de los demandados como excepción previa, la de que ella no aduce hechos suficientes para constituir una causa de acción y esa excepción fué declarada con lugar por sentencia de 21 de abril último, la que al mismo tiempo declaró sin lugar la demanda con imposición de costas a la demandante.

Esa sentencia ha sido apelada por la representación de la demandante para ante esta Corte Suprema, y para obtener su revocación se alega que dentro de nuestro derecho positivo y la jurisprudencia de esta Corte Suprema, no es posible para el cónyuge sobreviviente la venta de ninguna parte del caudal de gananciales sin antes hacer la liquidación de éstos, la que no se ha practicado, siendo por tanto nula la escritura de venta a favor de Octaviano José Herrera.

Para fijar los términos del debate judicial planteado en la demanda se hace necesario examinar los hechos de la misma en relación con la escritura de 28 de febrero de 1912 que forma parte de la misma.

En la cláusula 3ª. de dicha escritura se consigna que la finca vendida corresponde en la actualidad a Dominga Falú Cruz en la proporción de una mitad proindivisa por sus gananciales en su matrimonio con Félix Escalera y la otra mitad restante por séptimas partes proindivisas a Modesto, Bárbara, Anastasio, Cristina, Monserrate y Mónico Escalera Falú y a Cornelio y Justina Escalera Millán por partes iguales por herencia de Félix Escalera; y en la cláusula 4ª. los comparecientes Dominga Falú Cruz, Anastasio, Cristina, Monserrate, y Mónico Escalera Falú y Justina Escalera Millán venden a Octaviano José Herrera el condominio o participación proindivisa que cada uno tiene o pueda tener en la finca, transmi-

tiéndole la integridad de todos los derechos de propiedad y dominio que sobre el inmueble tengan o puedan tener sin reserva ni limitación alguna y entrando el comprador desde luego en posesión de lo vendido sin más acto que el otorgamiento de la escritura.

Según los términos de la escritura, los vendedores no vendieron a Octaviano José Herrera la totalidad de una finca rústica que formaba parte de la sociedad de gananciales, según afirma la demandante, sino que se limitaron a vender el condominio o participación proindivisa que cada uno tiene o pueda tener en la finca, la viuda en concepto de gananciales y los demás vendedores en calidad de herederos de Félix Escalera.

Los demandados estaban en condiciones legales para verificar la expresada venta según lo revelan los hechos expuestos en la demanda. La sociedad de gananciales del matrimonio Falú-Escalera, quedó disuelta por el fallecimiento de Escalera en octubre de 1895 y desde esa fecha la viuda Dominga y los herederos de Félix Escalera, la primera por razón de la sociedad de gananciales y por concepto de usufructo vidual y los demás por título hereditario, tenían derecho a participar en común y proindiviso de los bienes gananciales del matrimonio expresado, por más que ni la viuda ni los herederos adquirieran derechos sobre porción determinada de los bienes gananciales. Ese derecho sólo podía fijarse mediante la liquidación de la sociedad de gananciales y de la herencia.

Teniendo la viuda y herederos de Félix Escalera participación en común y proindiviso sobre la finca vendida a Octaviano José Herrera, esa venta no puede ser argüida de nula, pues tanto los derechos que pueda tener el cónyuge viudo en la sociedad de gananciales como los de los herederos en el haber hereditario, pueden ser enajenados sin perjuicio de que se fijen y determinen al liquidarse la sociedad de gananciales y la herencia.

La liquidación de la sociedad de gananciales del matrimonio Falú-Escalera que la demandante pide se haga por la

viuda, puede verificarse al practicarse el arreglo testamenta-
sio de los bienes relictos por Félix Escalera, según es práctica
usual y para ese arreglo debe acudir la demandante a la Ley
de Procedimientos Legales. Especiales aprobada en marzo 9
de 1905.

La sentencia apelada debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf,
del Toro y Aldrey.