Falú, Peticionaria y Apelada, *v.* Escalera, Opositora, y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª., en un caso sobre partición de bienes.

No. 1131.—Resuelto en mayo 29, 1914.

Sociedad de· Gananciales—Liquidación de la Misma—Partición de los Bienes.—Cuando, como en este caso, sólo existe una finca y ésta es ganancial y no había bienes de pertenencia particular de los cónyuges, ni responsabilidades a cargo de la sociedad, ni se ha probado que hubiera más bienes gananciales, ni otra clase de bienes pertenecientes a cualquiera de los cónyuges, lo único que hay que hacer para liquidar la sociedad de gananciales es distribuir dicha finca dando la mitad a la viuda por corresponderle en concepto de gananciales, y la otra mitad para los herederos del cónyuge premuerto, no siendo necesario dar a la viuda la cuota usufructuaria por haber · renunciado a ella.

Los hechos están expresados en la opinión.

La parte apelada no compareció.

Abogado de la parte apelante: *Sr. Cay. Coll Cuchí.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

En 14 de diciembre de 1911 Dominga Falú Cruz, albacea y viuda de Félix Escalera, fallecido en 29 de octubre de 1895 bajo testamento otorgado en 17 de febrero del mismo año, acudió a la Corte de Distrito de San Juan, Sección 2ª., solicitando fuera nombrado Pedro Falú contador partidor, que llevara a cabo entre los interesados la partición de los bienes relictos por Escalera, y la expresada corte hizo el nombramiento solicitado por orden de 18 del mismo diciembre.

El contador partidor Pedro Falú, después de oir a la viuda y demás interesados en la herencia de Félix Escalera, como

no hubiera más bienes que partir que una finca radicada en el sitio denominado Seboruco, sección norte del barrio de Santurce de esta ciudad, con cabida según título de adquisición, de 19 cuerdas 13½ varas, y según mensura practicada, de 24 cuerdas 862 milésimas de otra, cuya finca pertenecía a la sociedad de gananciales de Dominga Falú Cruz y Félix Escalera, sin carga ni gravamen, procedió a distribuirla adjudicando a la viuda las porciones correspondientes por su mitad de gananciales, y la otra mitad a los demás herederos, sometiendo su informe a la consideración de la corte.

Sólo uno de los herederos, o sea Bárbara Escalera Falú formuló impugnación al informe o proyecto de partición de bienes presentado por el contador partidor, alegando que en dicho informe no se relacionaban todos los bienes relictos al fallecimiento del testador ni se liquidaba la sociedad de gananciales para llegar a determinar el verdadero caudal hereditario, ni se daba cuenta de las operaciones realizadas por los albaceas durante el tiempo del albaceazgo.

Celebrada la vista de la impugnación, y oídas las partes, la corte por resolución de 31 de julio de 1912, desestimó dicha impugnación y confirmó el informe del comisionado partidor Pedro Falú, impartiendo su aprobación a las particiones de fincas y adjudicaciones en la forma que aparecían del informe.

Contra esa resolución interpuso la representación de Bárbara Escalera recurso de apelación para ante esta Corte Suprema, habiendo radicado la transcripción de autos en secretaría el día 21 de abril próximo pasado.

Para sostener el recurso alégase como único motivo que la corte inferior cometió error al aprobar la partición y adjudicación de la herencia de Félix Escalera, sin ordenar antes la liquidación de la sociedad de gananciales.

Al resolver en 17 de junio del año próximo pasado el caso de *Escalera* v. *Falú et al.,* 19 D. P. R., 751, dijimos.

"La liquidación de la sociedad de gananciales del matrimonio Falú-Escalera que la demandante pide se haga por la viuda, puede

verificarse al practicarse el arreglo testamentario de los bienes relictos por Félix Escalera, según es práctica usual y para ese arreglo debe acudir la demandante a la Ley de Procedimientos Legales Especiales aprobada en marzo 9 de 1905.'' ·

A dicha ley había acudido ya Dominga Falú desde 14 de diciembre de 1911 y la transcripción de autos demuestra que al practicarse el arreglo testamentario de los bienes relictos por Félix Escalera se hizo también la liquidación de la sociedad de gananciales del matrimonio Falú-Escalera, pues liquidación de esa sociedad fué considerar como bien ganancial la única finca existente adquirida por Félix Escalera durante su matrimonio con Dominga Falú, y adjudicar la mitad del valor de esa finca a la viuda y repartir la otra mitad entre los demás herederos, renunciando como renunció la viuda a la cuota usufructuaria que en derecho le correspondía. Para liquidar la sociedad de gananciales no había en el presente caso que hacer más operaciones, pues no aparece ni se alega que hubiera más bienes gananciales ni otra clase de bienes pertenecientes a uno u otro cónyuge, ni deudas que satisfacer a cargo de la sociedad conyugal.

''Bajo el nombre de liquidacion de la sociedad de gananciales,'' dice · el Sr. Sánchez Roman, ''se comprenden todas las operaciones necesarias para determinar si existen o no *gananciales,* y su distribución por mitad entre ambos cónyuges, previas las deducciones y reintegros a cada uno de ellos de los que son bienes de su pertenencia particular, así como de las responsabilidades que fueran imputables al acervo común.''
9 Manresa, p. 679.

Si no había más que una finca y ésta ganancial, y no había bienes de pertenencia particular, ni responsabilidades a cargo del acervo, común, no cabía hacer otra cosa sino repartirla en la forma correspondiente, la mitad del valor para la viuda por corresponderle en concepto de gananciales, y la otra mitad para los herederos del cónyuge premuerto, habiendo renunciado como renunció la viuda a su cuota usufructuaria.

Tampoco Bárbara Falú alega haber sufrido perjuicio alguno con la resolución apelada y no vemos cómo en las condiciones que dejamos expuestas podamos revocar dicha resolución y ordenar al contador partidor que haga una liquidación de los gananciales del matrimonio Escalera-Falú de acuerdo con las prescripciones del Código Civil, según pretende la parte apelante, pues dadas las condiciones del caso no podría hacer más que lo que ya ha hecho.

Por las razones expuestas es de confirmarse la resolución apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.