LEANDER LÓPEZ VALDÉS, ETC., peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE SAN JUAN, HON. MANUEL A. MOREDA, JUEZ, demandado; JOSEFINA VALDÉS COBIÁN, interventora.

Número: C-66-116          Resuelto: 16 de diciembre de 1968

*Miguel A. Muñoz* y *J. A. Fernández Diez,* abogados del peticionario; *González, Jr., González Oliver & Novak,* abogados de la interventora.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

El Juez Asociado Señor Ramírez Bages emitió la opinión del Tribunal.

El peticionario recurre ante nos de la resolución del tribunal de instancia de 26 de mayo de 1966 que denegó la moción de aquél sobre nulidad de actuaciones y, por el contrario, determinó que el nombramiento de un contador-partidor es el procedimiento correcto para poner fin "a la indivisión en que se encuentra la Sra. Valdés y el Sr. Leander López Valdés."

A los fines de un mejor entendimiento de la controversia ante nos, en que están envueltos unos procedimientos que corrientemente son sencillos y de procesamiento razonablemente rápido pero que en este caso se ha complicado innecesariamente, a continuación resumimos los hechos y circunstancias del caso.

El 21 de enero de 1960, doña Josefina Valdés Cobián radicó ante el Tribunal Superior, Sala de San Juan, una demanda de división de la sociedad de gananciales contra su ex esposo, el Dr. López de la Rosa. Solicitaba el nombramiento de un contador-partidor para que llevara a cabo la división de los bienes de dicha sociedad que había quedado disuelta por sentencia de divorcio que advino firme e inapelable en 9 de noviembre de 1959. Estando dicho pleito pendiente, falleció intestado el Dr. López de la Rosa en 8 de noviembre de 1960. El 27 de enero de 1961, doña Josefina y el hijo adoptivo del matrimonio disuelto, el peticionario Leander López Valdés, otorgaron un "Contrato privado de División Provisional de Bienes" mediante el cual se adjudicaron determinados bienes que allí se consignan. Por la cláusula cuatro de dicho contrato, acordaron que doña Josefina desistiría del referido pleito sobre división de gananciales. Dicho pleito fue desestimado por inacción en 24 de noviembre de 1964.

Mientras tanto, en 13 de noviembre de 1964 doña Josefina inició un procedimiento *ex parte* sobre nombramiento de

contador-partidor para que éste procediera a la división y partición de la herencia del Dr. López de la Rosa. El 16 de diciembre de 1964 comparecieron ante el tribunal, doña Josefina y el peticionario para informarle haber llegado a un acuerdo mediante estipulación, para nombrar al Lic. Andrés Guillemard contador-partidor, nombramiento que éste aceptó mediante escrito de 19 de febrero de 1965.

El 19 de octubre de 1965 el peticionario y la interventora, sometieron al tribunal una estipulación suscrita por sus respectivos abogados para que éste le impartiera su aprobación, ya que según ellos, era necesaria para que el contador-partidor pudiera llevar a cabo su encomienda. Por la cláusula nueve (9) de la referida estipulación, éstos aceptaban y confirmaban en su totalidad el contrato del 27 de enero de 1961 mediante el cual se adjudicaron entre sí determinados bienes, y hacían constar que en el otorgamiento de dicho contrato, ambas partes fueron debidamente asistidas y asesoradas por sus respectivos abogados. Al impartirle su aprobación, el tribunal hizo constar "que los efectos de esta aprobación no conlleva que las partes hayan en forma o manera alguna vinculado al juez ni al contador-partidor, mediante alegaciones, admisiones o estipulaciones que hayan formulado en dicha estipulación y Exhibit A; sobre la intención o interpretación de determinados preceptos de ley, ya que la función de hallar el derecho es privativa del juez y en virtud de esa facultad está en libertad de aplicar la norma que estime pertinente y adecuada, aunque sea separándose de tales alegaciones, admisiones y acuerdos de los litigantes."

Por moción del 10 de enero de 1966 compareció el peticionario ante el tribunal a solicitar de éste que ordenara a la interventora elevara a escritura pública el contrato del 27 de enero de 1961, a fin de él poder inscribir las propiedades a él adjudicadas en el Registro de la Propiedad, y así poder hipotecarlas para proceder al pago de las contribuciones sobre herencia. La interventora contestó oponién-

dose entre otras cosas, porque dicho contrato carecía de validez legal.

Estas mociones quedaron pendientes ante el tribunal, ya que las partes acordaron no se proveyera en cuanto a ellas.

Mediante moción de *Nulidad de Actuaciones* compareció el peticionario ante el tribunal el 6 de abril de 1966 alegando la no procedencia del nombramiento del contador-partidor; que como se trataba de una división de herencia regulada por la Ley de Procedimientos Especiales, 32 L.P.R.A. secs. 2621 y ss. (Administración Judicial de los Bienes del Finado) con cuyas disposiciones no se había cumplido, la petición del contador-partidor no aducía hechos.

En 23 de mayo de 1966 radicó el peticionario *Moción sobre Reapertura del Caso y Sustitución de Parte ·Demandada*, en el caso de División de Gananciales que había sido archivado en 24 de noviembre de 1964. Dicha moción·fue declarada con lugar el 24 de junio de 1966 pero con·vista· a una Moción de Reconsideración instada por la interventora se dejó sin efecto la orden de reapertura y se reinstaló la sentencia dictada el 24 de noviembre·de 1964. Contra esta· resolución radicó el peticionario ante este Tribunal un re-curso de *certiorari* (C-66-132) y el mismo fue declarado sin lugar en 20 de enero de 1967. En reconsideración sostu-vimos dicha determinación en 6 de abril de 1967.

La moción sobre nulidad de actuaciones y unas mociones sobre deposiciones fueron declaradas sin lugar por el tribunal de instancia mediante resolución de 26 de mayo de 1966 que provee que:

". . . La petición sobre el nombramiento de un Contador-Partidor aduce hechos de acuerdo con las disposiciones de la ley y es el procedimiento correcto, adecuado y eficaz para poner fin al estado de indivisión en que se encuentran la Sra. Valdés y el Sr. Leander López Valdés. En el supuesto de que·dicha petición adoleciere de algún defecto el mismo quedó subsanado·

por la estipulación de 16 de diciembre de 1964 en virtud de la cual el heredero Leander López Valdés, por conducto de su abogado consintió en el nombramiento del Contador-Partidor.

El Tribunal entiende además que el hecho que la peticionaria estuviese divorciada a la fecha de la muerte del causante y que para esa fecha hubiese pendiente ante el Tribunal un caso sobre liquidación de sociedad de gananciales, el cual ha sido archivado, no es obstáculo para que el Contador-Partidor en este caso pueda seguir adelante con las operaciones particionales. Puede y debe liquidar la sociedad de gananciales que existió entre la peticionaria y el Dr. López de la Rosa y al mismo tiempo proceder a la división de los bienes hereditarios.

El Contador-Partidor conforme a las disposiciones de la ley oirá a los testigos y peritos que fuesen necesarios y determinará qué bienes son privativos de la Sra. Valdés y cuáles pertenecen a la sociedad de gananciales y asimismo determinará cuáles son los bienes de la herencia y en su informe indicará la manera equitativa y justa en que pueda distribuirse el caudal. Una vez rendido dicho informe las partes podrán hacer las objeciones que estimen procedentes y el Tribunal las resolverá tomando en consideración las disposiciones de la ley y los derechos que asistan a los interesados.

Se ratifica nuestra orden de 5 de mayo de 1966 y en su consecuencia, se le conceden al Contador-Partidor cuarenta y cinco (45) días a contar de dicha fecha, para que someta su informe.

De acuerdo con las disposiciones claras y terminantes del Título 31 L.P.R.A. sec. 2411 y el caso de *Marxuach* v. *Registrador,* 57 D.P.R. 134, no debe haber duda de clase alguna de que la Sra. Josefina Valdés Cobián, cónyuge inocente en el pleito de divorcio, tiene derecho a una cuota usufructuaria en la herencia del Dr. López de la Rosa. Dicha cuota de acuerdo con las disposiciones expresas de la ley la constituye el tercio destinado a mejoras.

En cuanto a la solicitud hecha por la peticionaria solicitando el nombramiento de un Síndico para que se encargue de la administración del hotel porque ha sido establecido en uno de los edificios que forma parte del caudal hereditario se ratifica nuestra resolución dictada en corte abierta y, en su consecuencia, se permite la intervención en cuanto a este incidente solamente de la corporación López & Navarro, Inc. y del Sr. José Navarro. Se le conceden a estos interventores diez (10) días, a partir del

día 25 de mayo de 1966, para que radiquen sus alegaciones por escrito. Una vez éstos hayan sido radicados volverá a señalarse este incidente para vista.

Se declaran sin lugar las objeciones formuladas por el heredero Leander López Valdés y al Sr. José Navarro Quero a la toma de deposiciones en este caso."

Solicitada reconsideración de la resolución que antecede, la misma fue rechazada de plano.

En apoyo de este recurso se señalan la comisión de diez (10) errores que se dirigen a impugnar la facultad del contador-partidor en cuanto a la liquidación de la sociedad de gananciales que existía entre la interventora y el Dr. López de la Rosa.

Procedemos a considerarlos a continuación.

1.—Apunta el peticionario que el juez sentenciador incurrió en error procesal porque tratándose de una división de bienes hereditarios, procedía que se diera cumplimiento a la Ley de Procedimientos Legales Especiales; que no se ha tramitado la correspondiente petición de un administrador judicial ni se han citado a los acreedores ni se han pagado las deudas.

No tiene razón. Dispone el Art. 67 de la Ley de Procedimientos Legales Especiales, 32 L.P.R.A. sec. 2621, que "Cuando el *albacea o administrador* . . . hubiese satisfecho o tuviese en su poder bienes bastantes para satisfacer las deudas y gastos de la administración deberá pedir . . . el nombramiento de un contador . . . ." (Énfasis suplido.) Por virtud del Art. 1012 del Código Civil (31 L.P.R.A. sec. 2878), ("Cuando los herederos mayores de edad no se entendieran sobre el modo de hacer la partición, quedará a salvo su derecho para que lo ejerciten en la forma prevenida en los preceptos sobre procedimientos legales especiales.") los herederos están colocados en la misma situación que un albacea o administrador. La intención del citado artículo fue la de conferir a los herederos entre sí los mismos de-

rechos que pudiera tener un administrador, o sea, el derecho de pedir, en caso de desacuerdo, el nombramiento de un contador-partidor. *Labarthe* v. *Neumann*, 23 D.P.R. 689 (1916).[1] De lo anterior se desprende que si los herederos tuvieren en su poder bienes bastantes para pagar, pueden solicitar del tribunal el nombramiento de un contador-partidor. Precisamente eso es lo que se ha hecho en este caso. En *Cautiño, Ex Parte; Sucn. Llera, Etc., Opositores*, 51 D.P.R. 475, 483 (1937), dijimos que hasta tanto no se satisfagan las deudas contra el caudal, los herederos no tienen derecho preferente a parte alguna de la herencia. Esa frase, que con tanto ahinco invoca el peticionario, lo que sostiene es que no se podrán *adjudicar* o *distribuir* bienes de la herencia mientras no se satisfagan o afiancen las deudas. En dicho caso hicimos claro que los herederos tienen el derecho a dividir la herencia según lo disponen los Arts. 1005 y 1006 del Código Civil, 31 L.P.R.A. secs. 2871 y 2872, siempre que queden salvaguardados, mediante pago o afianzamiento, los derechos de los acreedores en la forma prevista por el Art. 1035 del mismo código, 31 L.P.R.A. sec. 2931. En el caso ante nos, surge de los autos que a los acreedores de este caudal se les ha reconocido su derecho.

Lo mismo puede decirse respecto al argumento sobre las contribuciones sobre herencia. Es jurisprudencia reiterada por este Tribunal que un tribunal debe *abstenerse de ordenar la disposición, distribución o adjudicación* de los bienes hereditarios, si no consta en autos el pago de la contribución sobre herencia o la exención de la misma. *Vda. de Vázquez* v. *Vázquez Cintrón*, 85 D.P.R. 279 (1962); *Ruiz* v. *Ruiz*, 74 D.P.R. 347, 352 (1953). En el presente caso lo que se ha pedido es el nombramiento de un contador-partidor. Además, de la estipulación del 19 de octubre de

---

[1] Revocado por otros motivos en *Del Valle, Ex Parte*, 69 D.P.R. 663 (1949).

1965 aparece en su cláusula 10 que ambas partes han pagado una parte sustancial de la contribución en cuestión.

Como indicamos previamente, no se podrían distribuir bienes algunos a los herederos hasta que se haya comprobado el pago o afianzamiento de las deudas y el pago de las contribuciones adeudadas.

2.—Argúyese que el tribunal de instancia incidió al resolver que tenía jurisdicción para intervenir en el caso no obstante habérsele señalado que se trataba de una partición de herencia y el nombramiento de un contador-partidor, y que no existían bienes que repartir porque se trataba de bienes provenientes de una sociedad conyugal cuya sociedad aún no había sido liquidada.

■ Este apuntamiento es frívolo. De los autos surge que en la petición radicada por la interventora se le informa al tribunal que se solicita un contador-partidor, porque las partes no han podido ponerse de acuerdo; que los bienes de dicha herencia están confundidos con los bienes de la sociedad conyugal correspondiendo que dicha labor sea realizada por el contador-partidor. Por orden de 20 de noviembre de 1964 el tribunal dictó una orden para que el secretario del tribunal notificara al heredero Leander López Valdés para que compareciera personalmente o representado por abogado a aducir sus derechos. El 16 de diciembre de 1964, mediante estipulación, comparecen el peticionario y la interventora, *los herederos*, notificándoles al tribunal haberse puesto de acuerdo para que el Lic. Guillemard fuera designado contador-partidor. Si los interesados se ponen de acuerdo para pedir el nombramiento de un contador-partidor por no poderse poner de acuerdo respecto a la liquidación de su herencia, puede acudirse a la jurisdicción voluntaria. *Rivera* v. *Corte,* 68 D.P.R. 673, 676 (1948).

■ En una partición de herencia el contador-partidor deberá inventariar los bienes del caudal conforme al Art. 1010

del Código Civil—31 L.P.R.A. sec. 2876. Constituye el inventario la base de las sucesivas operaciones de liquidación y adjudicación de bienes ya que mal se puede partir una herencia si no se especifican detalladamente todos los elementos que integran el patrimonio del *de cujus*. Supone el inventario, informa Puig Peña en su obra *Compendio de Derecho Civil*, T. 4, pág. 976, ed. 1966, una relación de bienes y derechos convenientemente "separados". Tal separación de bienes comprende:

"a) Todos aquellos bienes, derechos y acciones que tenía en su poder el causante y que conste fehacientemente que correspondían a un tercero los que quedan lógicamente excluidos del inventario, debiendo proceder aquellos que practican la partición a su devolución, según derecho.

·b) Aquellos bienes respecto de los cuales el causante sólo tenía un derecho de usufructo toda vez que, dado el carácter personalísimo de este derecho, deben asimismo ser restituidos.

. c) Aquellos bienes poseídos por el causante conforme a un título, según el cual han de pasar a su muerte a otras personas determinadas, sean o no herederos.

d) El lecho que usaron corrientemente los esposos, así como las ropas y vestidos de uso ordinario los cuales conforme al art. 1420 [Art. 1318 del Código Civil de Puerto Rico,—31 L.P.R.A. sec. 3693—], deben entregarse al que de ellos sobreviva."

. Verificada la separación de estos bienes, sigue informando Puig Peña, *op cit.*, es necesario después tener en cuenta aquellos bienes que, si bien puedan estar a nombre del causante, *sin embargo no forman parte de la masa partible*. Se trata de los bienes que integran la sociedad conyugal, ya que el cónyuge supérstite, no recibe su parte en ésta por vía sucesoria, sino por liquidación de la sociedad.

Desde luego que a la liquidación de esta sociedad es necesario contar con la intervención *del que sobrevive*.

■ La facultad de hacer la partición atribuye al contador-partidor la representación del causante para practicar

con el otro cónyuge o los herederos de éste la liquidación de la sociedad conyugal como supuesto indispensable para la división hereditaria del que fallece casado *o sin haber liquidado la sociedad conyugal antes disuelta.* Sentencia del 10 de enero de 1934 (Tribunal Supremo de España); Manresa, *Comentarios al Código Civil Español,* sexta ed., T. VII, págs. 655 y 656; Borrell y Soler, *Derecho Civil Español,* ed. 1954, T. V, pág. 470. Véase, además, *Sentencias del Tribunal Supremo de España,* de 17 de abril de 1943 y 12 de noviembre de 1895.

Doña Josefina es la persona con interés en la liquidación de la sociedad conyugal disuelta por sentencia de divorcio. A nuestro juicio, el requisito de la intervención de la viuda, en la liquidación de la sociedad conyugal por el contador-partidor de la herencia, tiene el propósito de que la otra persona con interés en esa liquidación esté presente. Ella recibe su parte por liquidación y no por vía sucesoria. Conforme al Art. 1295 del Código Civil—31 L.P.R.A. sec. 3621—"Mediante la sociedad de gananciales el marido y la mujer harán suyos por mitad, al disolverse el matrimonio, las ganancias o beneficios obtenidos indistintamente por cualquiera de los cónyuges durante el mismo matrimonio." En virtud de ese artículo la interventora tiene un interés indiviso de la mitad de los bienes que constituyen la sociedad conyugal, no por herencia sino como dueña. Estando ella presente en esa liquidación podía el contador-partidor proceder a la liquidación de la sociedad conyugal como supuesto indispensable para partir la herencia. En esta jurisdicción se ha resuelto que puede el contador-partidor en la partición de una herencia hacer la liquidación de la sociedad conyugal. *Escalera* v. *Falú,* 19 D.P.R. 751 (1913). Dadas las condiciones de este caso no procedía que se liquidara la sociedad conyugal de acuerdo con las prescripciones del Código Civil. *Falú* v. *Escalera,* 20 D.P.R. 522 (1914).

3–4.—Aduce López Valdés que el juez sentenciador incidió al no resolver que existe incompatibilidad entre las alegaciones de la petición de un contador-partidor y los hechos del caso "lo cual hace dicha petición nula" y al ordenar al contador-partidor que procediera a someter un proyecto de partición.

Estos apuntamientos son inmeritorios. Descansan en que no hay herencia que repartir hasta que no se liquide la sociedad de gananciales. En la petición se alega que dicha sociedad aún no se ha liquidado. Como hemos demostrado previamente, el contador-partidor cuya designación se solicita puede proceder a liquidar la sociedad de gananciales dentro del procedimiento de partición de herencia.

5.—En síntesis este apuntamiento va dirigido a impugnar el derecho de la Sra. Valdés a la cuota usufructuaria por no ser viuda del fallecido, Dr. López de la Rosa.

No tiene razón pues en *Marxuach* v. *Registrador*, supra, dijimos que el cónyuge supérstite divorciado e inocente, goza de los mismos derechos, al morir su anterior consorte, que el viudo o viuda que al morir su consorte no estuviese divorciado. Luego aclaramos que esto es así siempre y cuando que ni el excónyuge fallecido, *Pirela* v. *Registrador*, 65 D.P.R. 955 (1946) ni el excónyuge supérstite, *Tormes Ex Parte*, 53 D.P.R. 417 (1938), hubiesen contraído nuevas nupcias.

6.—Por el sexto apuntamiento se aduce que el resolver el juez de instancia que el contador-partidor tenía facultad para liquidar la sociedad conyugal, atacó colateralmente el caso 60-366 sobre División de Bienes Gananciales, ya que se había radicado ante ese tribunal una solicitud de reapertura de este caso.

Tampoco tiene mérito este apuntamiento.

De acuerdo con la Regla 38.1 de las de Procedimiento Civil:

"Cuando estén pendientes ante el tribunal pleitos que envuelvan una cuestión común de hecho o de derecho, éste podrá ordenar la celebración de una sola vista o juicio de cualquiera o de todas las cuestiones litigiosas envueltas en dichos pleitos; podrá ordenar que todos los pleitos sean consolidados; y podrá dictar aquellas órdenes referentes a procedimientos envueltos en dichos pleitos que tiendan a evitar gastos innecesarios o dilación."

Un principio cardinal en nuestro derecho procesal es el de evitar la multiplicidad de pleitos, y de adjudicar en una causa las distintas reclamaciones de las partes cuando la naturaleza de las causas lo permiten. En el caso ante nos, se solicitó en la demanda original en el pleito de la división de gananciales el nombramiento de un contador-partidor para que liquidara la misma. Sin embargo, el peticionario y la interventora convinieron en desistir de ese pleito y promover el pleito de la partición de la herencia. Entendieron en aquella oportunidad que lo solicitado se podía llevar a cabo en forma más rápida en la partición de herencia. Es cuando cambia de abogado que el peticionario *quiere ir contra sus propios actos* y pide la reapertura del caso de la división de gananciales y la nulidad de actuaciones en el de partición de herencia ocasionando así una complejidad indebida y motivando la multiplicidad de pleitos que las Reglas de Procedimiento Civil pretenden evitar. Al así hacerlo y persistir en su punto de vista, trajo como consecuencia que la solución final de este pleito se halla dilatado innecesariamente.

■ No existe en este caso un ataque colateral al pleito de división de gananciales. El juez de instancia entendió que en el pleito de partición de herencia se podía conceder lo solicitado en el pleito de la división de gananciales, ya que para partir la herencia era necesario liquidar la sociedad de gananciales. Como esto lo podía realizar el contador-partidor estando la otra parte presente, el tribunal de ins-

tancia correctamente procedió a conceder lo solicitado. Al así hacerlo, sin afectar derechos sustantivos de las partes, promovió la conveniencia en el juicio, evitó la multiplicidad de pleitos y expeditó la disposición final del litigio. *Carrasquillo v. Tribunal Superior*, 87 D.P.R. 661 (1963).

7.—Señala el peticionario que el tribunal de instancia incidió al sostener la validez de la estipulación firmada por los abogados de las partes en 19 de octubre de 1965 (mediante la cual las partes ratificaron el contrato que suscribieron en 27 de enero de 1961 e hicieron constar que en relación con dicho contrato recibieron asesoramiento de parte de sus respectivos abogados) pues la misma es nula ya que "conlleva la renuncia de derechos sustanciales . . . sin que se hiciera previamente una división y liquidación de los bienes gananciales . . . y, además, que dicha estipulación no está acompañada de la autorización especial que requiere."

Hemos leído con sumo detenimiento la transcripción de evidencia del día en que se discutió la validez de la estipulación referida.

No acertamos a entender cuál es la posición del peticionario. Por un lado aduce que dicha estipulación es nula porque no se le dio asesoramiento legal en dicha estipulación la cual fue suscrita por su abogado. Al confrontarlo con la cláusula 9 de dicha estipulación donde se dice que las partes ratifican el contrato del 27 de enero de 1961 y que en el otorgamiento de dicho contrato fueron debidamente asesorados por sus abogados, contesta que eso no es cierto porque en el otorgamiento de dicho contrato tampoco recibió asesoramiento legal. El juez de instancia procedió a hacer un señalamiento para la discusión de los apuntamientos basados en la nulidad de la estipulación y del contrato para dar oportunidad a los letrados que intervinieron en ambas actuaciones a manifestarse pues se trata de una imputación grave. A esto se opuso el peticionario porque él no estaba alegando

que el contrato del 27 de enero de 1961 fuera nulo, sino solamente la estipulación de 19 de octubre de 1965.

En este instante preguntó el juez de instancia al letrado del peticionario que "si lo que se impugna de la estipulación es que no hubo asesoramiento para la estipulación y en la misma se acepta que el contrato es bueno ¿qué alcance tiene eso? Yo no le veo ninguno." Dicho letrado contestó "Nosotros sostenemos, respetuosamente, que la situación existente de hecho, hoy, en cuanto a los bienes que pertenecen a la sociedad de gananciales, y que quedan todavía bajo el control del excónyuge no se puede resolver hasta que no se resuelva esto otro." El juez de instancia entonces expresó que ya había resuelto eso y era innecesaria la vista con respecto a la impugnación del contrato y de la estipulación y declaró sin lugar estos planteamientos. A nuestro juicio, no incidió el tribunal de instancia al así hacerlo. Aceptado el contrato en cuestión por el peticionario en el curso del anterior incidente, y apareciendo que el alcance de la impugnación de la estipulación era, en efecto, que no procede la división de la herencia hasta que no se haya liquidado la sociedad de gananciales, y habiéndose dispuesto previamente de esta cuestión correctamente, como indicamos anteriormente en esta opinión, resultaba inmeritorio y hasta frívolo la referida impugnación de dicha estipulación.

■ 8–9.—En estos apuntamientos se le imputa pasión, prejuicio y parcialidad al juez de instancia. Estos apuntamientos se basan en que el juez que presidía la vista de la moción para que se dejara sin efecto la resolución de 26 de mayo de 1966 y la orden del 17 de junio de 1966, se encontró con que el peticionario, a espaldas de unos abogados que no estaban presentes, les imputaba a éstos que aun cuando en la estipulación se decía que en el otorgamiento del referido contrato y de la estipulación habían sido asistidos y asesorados por esos abogados, tal asesoramiento no existió. El juez procedió entonces a indicarle al peticionario que ese

tipo de imputaciones se debía hacer estando los abogados presentes y a tales fines señaló una vista para otro día para darle oportunidad a los abogados aludidos a ser oídos. Posteriormente, en vista de lo indicado por el peticionario, según exponemos bajo el párrafo 7 anterior el juez entendió que no se hacía necesaria la vista por lo que procedió a anular el señalamiento. En este incidente no hay base para concluir que al así hacerlo incurriera el tribunal de instancia en pasión, prejuicio o parcialidad.

■ 10.—Por último, se apunta como error el hecho de que el juez denegó la moción de reconsideración presentada. Se arguye que éste debió oir a la parte antes de declararla sin lugar. En vista de las disposiciones claras de la Regla 47 de las de Procedimiento Civil de 1958, no se cometió dicho error. El juez puede rechazar de plano una moción de reconsideración o señalar vista para oir a las partes. Dicha regla obviamente concede al magistrado amplia discreción en este asunto. No se ha establecido en el presente recurso que al así hacerlo, incurriera en abuso de discreción. Dicha moción de reconsideración no planteaba una cuestión sustancial y meritoria que diera base para, en bien de la justicia, señalar una vista para oir a las partes. El caso citado por el peticionario, *Roca v. Thomson*, 77 D.P.R. 419 (1954), no es de aplicación pues allí se trataba no de una moción de reconsideración y sí de una moción para dejar sin efecto una sentencia bajo la anterior Regla 60(b) de las de Enjuiciamiento Civil de 1943.

*En vista de lo expuesto, debe anularse el auto expedido y devolverse el caso para que se prosigan los procedimientos particionales de la herencia y de la sociedad de gananciales en forma no inconsistente con los términos de este pronunciamiento.*