ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| IVELISSE ARROYO RODRÍGUEZ DBA BELLA VISTA GUEST HOUSE<br><br>Apelante<br><br>V.<br><br>GLORIA MERCEDES CÁMARA<br><br>Apelada | KLAN202400269 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2024CV01411<br><br>Sobre:<br><br>Desahucio en Precario y Falta de Pago |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2024.

Ivelisse Arroyo Rodríguez (señora Arroyo Rodríguez o parte apelante), presentó un Recurso de Apelación en el que nos solicita que revoquemos la sentencia que emitió el Tribunal de Primera Instancia, Sala de San Juan, el 1ro de marzo de 2024, enmendada "nunc pro tunc" el 5 de marzo. Mediante esta el foro primario desestimó sin perjuicio la demanda de desahucio en precario y falta de pago incoada contra la señora Gloria Mercedes Cámara.

Por los fundamentos que exponemos a continuación confirmamos la Sentencia apelada.

### I.

El 10 de febrero de 2024 la señora Ivelisse Arroyo Rodríguez presentó una demanda contra Gloria Mercedes Cámara solicitando el desahucio en precario y falta de pago. La demandante alegó ser dueña de un inmueble localizado en el 661 de la Ave. Ponce

de León, Miramar, San Juan, Puerto Rico. Sostuvo que parte de ese inmueble se utiliza como casa de huéspedes para rentar habitaciones bajo el nombre de Vista Bella Guest House. Agregó que la demandada estaba ocupando el apartamento 12 que ubica en el primer piso de dicha propiedad desde hace 16 meses sin haber otorgado contrato de arrendamiento con la demandante. Mencionó que tampoco le estaba haciendo los pagos del arrendamiento. Por ello, solicitó el desalojo de la propiedad, más la suma de no menor de $500.00 por concepto de honorarios de abogado, más las costas y gastos incurridos en el caso. Junto a la demanda, incluyó la Escritura de Compraventa Núm. 15 de 19 de enero de 1993 y la Carta de la Demandante a la Demandada del 14 de diciembre de 2023.

Por su parte, el 21 de febrero de 2024 Mercedes Cámara contestó la demanda. Allí presentó como defensa afirmativa, entre otros, la falta de parte indispensable, que existía un caso de División de Comunidad de Bienes, Civil Núm. K AC2009-0358 (807), donde el foro primario dispuso que el edificio es parte de la comunidad de bienes a dividir y que la renta le pertenecía al codueño Sr. Luis Dueño Vargas.

Luego de otros trámites, el 29 de febrero de 2024 se celebró el juicio en su fondo. Las partes estuvieron representadas por abogados. Sometido el asunto, el 1ro de marzo, enmendada *nunc pro tunc*[1] el 5 de marzo de 2024, el foro primario dictó Sentencia en la cual desestimó la demanda sin perjuicio de que una vez dilucidados los asuntos relacionados en el caso K AC2009-0358, se pueda presentar el recurso que sea adecuado en derecho, de ser necesario. En la decisión decretó los siguientes hechos:

---

[1] A los fines de corregir el nombre del Sr. Luis Arnaldo Dueño Vargas.

1. La Demandante adquirió el inmueble donde se encuentra la Propiedad mediante compra, según consta de Escritura número 15, otorgada en San Juan el día 19 de enero de 1993 ante el notario Daniel Pernas Beceiro.

2. La Demandante y la Demandada no tienen un contrato de arrendamiento para la Propiedad.

3. La parte Demandada concretó un contrato de arrendamiento de la Propiedad con el Sr. Dueño Arroyo.

4. Según surge del Exhibit 2 de la Demandante, la Demandada está realizando los pagos por el arrendamiento de la Propiedad al Sr. Dueño Arroyo.

5. Según surge de la RESOLUCIÓN emitida por el tribunal en el caso K AC2009-0358 el 15 de diciembre de 2023, el inmueble donde se encuentra la Propiedad es parte de la comunidad de bienes que crearon la Sra. Arroyo Rodríguez y el demandante en ese caso, Sr. Dueño Arroyo.

6. La RESOLUCIÓN emitida por el tribunal en el caso K AC2009-0358 el 15 de diciembre de 2023 no ha sido revocada.

7. El caso K AC2009-0358 sobre liquidación de comunidad de bienes entre la Sra. Arroyo Rodríguez y el demandante en ese caso, Sr. Dueño Arroyo, continúa activo.

Como parte de su análisis, el foro primario enunció que la demandada Mercedes Cámara tiene un contrato de arrendamiento de la Propiedad y se encuentra pagando el canon de arrendamiento al Sr. Dueño Arroyo, quien es parte de la comunidad de bienes compuesta por este y la Sra. Arroyo Rodríguez y que incluye a la Propiedad. Sobre el asunto de que el contrato de arrendamiento y el pago de la renta por la Propiedad deber ser emitida a la demandante Sra. Arroyo Rodríguez, y no al Sr. Dueño Arroyo, es un asunto de administración de la comunidad de bienes que debe ser atendida en el caso de liquidación de la comunidad K AC2009-0358. Sustentó su decisión en que, "nuestro ordenamiento procesal civil rechaza la adjudicación por dos foros de una misma controversia para evitar sujetar a las partes a

resultados incompatibles provenientes de distintos foros." *Consejo de Titulares v. Gómez Estremera*, 184 DPR 407, 427 (2012).

En desacuerdo, el 12 de marzo de 2024 la señora Arroyo Rodríguez solicitó reconsideración. Adujo que la controversia del caso no versa sobre si existe o no una comunidad de bienes de la Propiedad en cuestión, sino sobre una arrendataria que está ocupando parte de la misma sin contrato y sin pagarle a la dueña registral que es la que administra y paga todas las utilidades y mantenimiento de la propiedad.[2] Ese mismo día, 12 de marzo de 2024, notificado el día siguiente, el Tribunal denegó la *Solicitud de Reconsideración*.[3]

En desacuerdo con el proceder del Tribunal de Primera Instancia, el 20 de marzo de 2024 la señora Arroyo Rodríguez acudió a este foro intermedio mediante recurso de apelación. Alegó que incidió el Tribunal de Primera Instancia, al "*no conceder el desahucio y determinar que existe un contrato de arrendamiento vigente que justifica la posesión del inmueble por la parte demandada*."

La apelada Gloria Mercedes Cámara presentó la *Contestación a Apelación*. Con el beneficio de ambos escritos, disponemos.

## II.

### A.

El procedimiento de desahucio tradicional está reglamentado en los Artículos 620 al 634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838 (Ley de Desahucio). La acción de desahucio es el medio que tiene el dueño o la dueña de un inmueble para recuperar la posesión de

---

[2] Apéndice, anejo 2, pág. 2, párrafo 7.
[3] Apéndice, anejo 3.

hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna. SLG Ortiz-Mateo v. ELA, 211 DPR 772 (2023); Cooperativa v. Colón Lebrón, 203 DPR 812, 820 (2020); Adm. Vivienda Pública v. Vega Martínez, 200 DPR 235, 240 (2018); Fernández & Hno. v. Pérez, 79 DPR 244, 247 (1956). La acción para promover el juicio de desahucio la puede promover los dueños de la finca, sus apoderados, los usufructuarios o cualquiera otro que tenga derecho a disfrutarla y sus causahabientes. Código de Enjuiciamiento Civil, Artículo 620, 32 LPRA Sec. 2821. A esos efectos, la acción de desahucio es un procedimiento de carácter sumario que responde al interés del Estado de atender con agilidad el reclamo de una persona dueña de un inmueble que ha sido impedida de ejercer su derecho a poseer y disfrutarlo. Cooperativa v. Colón Lebrón, *supra*; ATPR v. SLG Volmar-Mathieu, 196 DPR 5, 9 (2016).

En particular, "el objetivo de esta acción especial es recuperar la posesión de hecho de un bien inmueble mediante el lanzamiento o la expulsión del arrendatario o precarista que lo detente sin pagar canon o merced alguna". SLG Ortiz-Mateo v. ELA, *supra*; ATPR v. SLG Volmar-Mathieu, *supra*, pág. 10. Véase, también, Fernández & Hno. v. Pérez, *supra*, pág. 247. Así pues, procederá el desahucio contra los inquilinos, arrendatarios y cualquier otra persona que detente la posesión material o disfrute precariamente, sin pagar canon o merced alguna. Véase Código de Enjuiciamiento Civil, Artículo 621, 32 LPRA Sec. 2822. (Énfasis nuestro).

Si la demanda de desahucio se basa en el alegado hecho de que los cánones no han sido pagados, el pago aceptado de los cánones destruye la base, y hace desvanecer la causa de la

demanda. El hecho del pago es incompatible con el hecho alegado de la falta de pago. Campos v. Tribunal Superior, 75 DPR 370, 377 (1953).

**B.**

Existe comunidad de bienes cuando una cosa o un derecho pertenecen en común proindiviso a dos o más personas. Artículo 835 del Código Civil de 2020 (Código Civil), 31 LPRA sec. 8191. En cuanto a la administración de bienes, el Artículo 841 del Código Civil dispone que, **"[t]odos** los comuneros tienen derecho a participar en la administración de la cosa común." 31 LPRA sec. 8203. (Énfasis suplido).

**C.**

Es principio rector de las Reglas de Procedimiento Civil el proveerle a las partes envueltas en un pleito legal, una solución justa, rápida y económica en todo procedimiento. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R.1. A tenor con ello, los jueces del foro primario deben establecer un balance justo entre el interés de que los pleitos se resuelvan en sus méritos y el interés en evitar congestión en el calendario y demoras innecesarias en el trámite judicial. Fine Art Wallpaper v. Wolff, 102 DPR 451, 458 (1974). A su vez, se ha reconocido como principio cardinal en nuestro derecho procesal el "evitar la multiplicidad de pleitos, y de adjudicar en una causa las distintas reclamaciones de las partes cuando la naturaleza de las causas lo permiten". Vives Vázquez v. E.L.A., 142 DPR 117, 125 (1996); López Valdés v. Tribunal Superior, 96 DPR 779, 792 (1968), Granados v. Rodríguez Estrada II, 124 DPR 593, 608 (1989). Así también, "un principio cardinal de nuestro derecho procesal es el de evitar la multiplicidad de pleitos, y de adjudicar en una causa

distintas reclamaciones de las partes cuando la naturaleza de las causas lo permiten." Id., pág. 125.

Cónsono con lo anterior, nuestro Tribunal Supremo ha expresado que es indeseable la bifurcación o fragmentación de los procedimientos judiciales, y se propende por el contrario a la máxima expansión del ámbito de la acción civil trayendo a su núcleo los elementos dispersos de reclamaciones, partes y remedios en orden a la adjudicación integral de la controversia". Diez Rodríguez v. Guzmán Ruíz, 108 DPR 371, 378 (1979), citando a United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966).

## D.

Por otro lado, nuestro esquema probatorio otorga gran deferencia a las determinaciones de hecho, la apreciación de prueba testifical y las adjudicaciones de credibilidad que realiza el juzgador del foro primario. Por ello, como norma general, los tribunales apelativos no intervenimos con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realiza ese foro. Pueblo v. Rivera Montalvo, 205 DPR 352 (2020); Sucn. Rosado v. Acevedo Marrero, 196 DPR 884, 917 (2016); Dávila Nieves v. Meléndez Marín, 187 DPR 750 (2013). La deferencia que se le confiere al foro primario descansa en un marco de discreción y razonabilidad. Pueblo v. Rivera Montalvo, *supra*; Citibank N.A. v. Cordero Badillo, 200 DPR 724, 735 (2018); Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). En ese sentido, esa discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Pueblo v. Rivera Montalvo, *supra*; Medina Nazario v. McNeil Healthcare LLC, *supra*, pág. 729.

Los tribunales revisores podremos sustituir el criterio que utilizó el foro primario por el nuestro únicamente cuando existen circunstancias extraordinarias en las que se pruebe que el foro primario actuó con pasión, prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto o de derecho. Pueblo v. Rivera Montalvo, *supra*; Citibank, N.A. v. Cordero Badillo, supra.

Así pues, en su misión de hacer justicia la discreción es el más poderoso instrumento reservado a los jueces. Banco Metropolitano v. Berríos, 110 DPR 721, 725 (1981). Como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. BPPR v. SLG Gómez-López, 213 DPR___ (2023); 2023 TSPR 145. En lo pertinente, la discreción judicial se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera". BPPR v. SLG Gómez-López, *supra*; Rivera et al. v. Arcos Dorados et al., 212 DPR 194 (2023); Medina Nazario v. McNeil Healthcare LLC, *supra*, pág. 729; IG Builders et al. v. BBVAPR, 185 DPR 307, 338 (2012).

A la luz de la normativa antes enunciada, resolvemos.

### III.

La apelante alega que es la dueña del inmueble objeto de controversia y el foro primario determinó que no procedía el desahucio debido a que la propiedad pertenecía a una comunidad de bienes entre la demandante y un tercero que no fue parte del pleito. Sostuvo que el acto de interponer una acción de desahucio y recuperar el dominio y posesión de un bien constituye un acto de administración en el que no es necesaria la presencia de todos los dueños. Señaló que el foro primario debió limitarse a

establecer si la parte demandada gozaba de título o derecho a poseer y disfrutar del inmueble en cuestión. Mencionó que el contrato de arrendamiento que suscribió la demandada con el señor Dueño Vargas se encontraba vencido. Destacó que la mera acción de continuar pagando los cánones de arrendamiento, estando vencido el contrato de arrendamiento, no crea un derecho indefinido de la arrendataria en permanecer en la propiedad.

La apelada Mercedes Cámara, por su parte, sostiene que no procede el desalojo por no haber causa de acción por falta de pago ni por precariedad. Mencionó que de la prueba que tuvo ante sí el tribunal surgió que la apelante admitió que existe una comunidad de bienes y que el edificio donde está el apartamento objeto del desahucio es parte de la comunidad. Por esa razón, el tribunal entendió que no procedía el desahucio, pues se bifurcarían los procesos provocando resultados contradictorios. Agregó que la causal del desahucio tampoco fue probada. Evaluamos.

La señora Arroyo Rodríguez presentó una acción de desahucio contra la señora Mercedes Cámara. Alegó que esta ocupaba una propiedad sin haber otorgado un contrato de arrendamiento con la demandante y sin emitirle pagos. Por tanto, la acción reclamada es el desahucio por falta de pago.

No obstante, surgió de la prueba, que la señora Mercedes Cámara suscribió un contrato de arrendamiento con el señor Dueño Vargas en el inmueble sobre la cual se le solicita el desahucio. Quedó establecido que el señor Dueño Vargas tiene una comunidad de bienes con la demandante señora Arroyo Rodríguez, según resolución emitida en el caso K AC2009-0358 el cual atiende la división y adjudicación de la comunidad de bienes. De igual forma, la prueba demostró que la señora Mercedes

Vargas está realizando los pagos por el arrendamiento de la Propiedad al señor Dueño Arroyo.

Como el inmueble donde se encuentra la propiedad cuyo desahucio se solicita, es parte de la comunidad de bienes que crearon la señora Arroyo Rodríguez y el señor Dueño Vargas, cuya acción se dilucida en la causa K AC2009-0358, resulta adecuado y razonable que el foro primario se abstenga de atender la acción de desahucio. Este proceder es el adecuado en derecho para así evitar fraccionar las causas y resultados incompatibles. Además, el señor Dueño Vargas, como comunero, está en pleno derecho de participar en la administración de la cosa común, a tenor con el Artículo 841 del Código Civil, supra. Por tanto, se entiende que este es parte con interés en el caso. Más aun cuando el contrato lo suscribió la señora Mercedes Cámara directamente con el señor Dueño Vargas y trascendió de la prueba que la señora Mercedes Cámara le está haciendo pagos al señor Dueño Vargas. Ese hecho base, de igual forma, tornaría en ineficaz el desahucio por falta de pago, en esta etapa de los procesos.

Así que, la expresión del foro primario en torno a que el contrato de arrendamiento y el pago de la renta, es un asunto de administración de la comunidad de bienes que debe ser atendida en el caso de liquidación de comunidad, resulta adecuada. En consecuencia, el foro primario determinó que, una vez dilucidados los asuntos relacionados en el caso K AC2009-0358, se pueda presentar el recurso que sea adecuado en derecho, de ser necesario. De manera que, al desestimar sin perjuicio y con esta expresión, el foro primario dejó abierta la vía para que, de ser necesario, el asunto pueda regresar. Concluimos que la decisión aquí apelada es razonable y se sustenta con el derecho enunciado. La apelante, por su lado, no señaló evidencia alguna en el

expediente del TPI o actuación errada alguna del foro primario que justifique variar el dictamen recurrido.

**IV.**

Por las razones antes expresadas, confirmamos la Sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones