INCHAUSTI *v.* EL REGISTRADOR DE LA PROPIEDAD.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama.

No. 95.—Resuelto en mayo 11, 1911.

EXPEDIENTE DE DOMINIO—PROMOVENTE CON TÍTULO ESCRITO DE DOMINIO—ES-CRITURAS PÚBLICAS.—Aunque la regla 395 de la Ley Hipotecaria sólo autoriza el expediente de dominio para los propietarios que carecieron de título escrito de dominio, esto debe entenderse de los que carezcan de título de dominio inscribible en el registro de la propiedad.

ID.—CALIFICACIÓN DE TÍTULOS—FACULTADES DEL REGISTRADOR—RESOLUCIONES JUDICIALES EN EXPEDIENTE DE DOMINIO.—Promovido expediente de dominio por quien adquirió la finca mediante escritura pública, si a pesar de ello el tribunal declara justificado el dominio, es porque entiende que tal título no era inscribible, y como el registrador carece de facultades para calificar

los fundamentos de las resoluciones judiciales, no puede negar la inscripción por el motivo de que en la adquisición medió título escrito.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. C. Domínguez Rubio.*

EL JUEZ ASOCIADO SR. ALDREY emitió la opinión del tribunal.

Los recurrentes presentaron en el Registro de la Propiedad de Guayama una certificación librada por el Secretario de la Corte de Distrito de Guayama, comprensiva de que por el juez de dicha corte se dictó resolución declarando con lugar el informativo de dominio de la finca que en la misma se describe, y se ordenó que se inscribiera el dominio de ella a nombre de los promoventes en la proporción que ella expresa.

El registrador denegó la inscripción en los siguientes términos:

"Denegada la inscripción del precedente documento por el defecto insubsanable de que los bienes objeto de la información de dominio fueron adquiridos por los promoventes en virtud de escrituras públicas que en ningún tiempo han sido presentadas en el registro de la propiedad, ignorándose si dichas escrituras son o nó inscribibles. Y de acuerdo en la ley de 1º. de marzo de 1902 se tomó anotación preventiva de la denegación por término de 120 días al folio 211 del tomo 32 de Guayama, finca número 1640 anotación letra A. Guayama, abril trece de mil novecientos once. El Registrador, Felipe Cuchí Arnau."

Por esa denegatoria de inscripción se ve que el único fundamento de ella es, porque los recurrentes adquirieron la finca en virtud de escrituras públicas no presentadas al registro, hecho que indudablemente conoce porque en la resolución objeto del recurso, se dice que ambos promoventes adquirieron por escrituras.

Aunque el artículo 395 de la Ley Hipotecaria sólo autoriza el expediente de dominio para los propietarios que carecieren de título escrito de dominio, esto debe entenderse de los que carezcan de título de dominio inscribible en el registro de la propiedad. (Ex parte Berlanga, 18 marzo, 1904.)

El tener escritura de una finca, no es obstáculo para tramitar un expediente de dominio, si no resulta título inscribible; y cuando el juez aprobó en esas condiciones el expediente fué por que entendió que esas escrituras o título escrito no eran inscribibles.

Además, en un caso idéntico al presente, en que el registrador sustituto de Ponce denegó la inscripción de un expediente de dominio por el mismo motivo de haber sido adquirida la finca mediante título escrito, resolvió esta Corte Suprema que los registradores de la propiedad no están autorizados por el artículo 18 de la Ley Hipotecaria para calificar los fundamentos de las resoluciones judiciales, y que no teniendo otro fin la negativa a inscribir el informativo de que se trata, debe revocarse por carecer de competencia dicho funcionario para impugnar la resolución del tribunal que aprobó el informativo y lo mandó inscribir. *Teodoro Santiago Rivera* v. *El Registrador de la Propiedad de Ponce,* resuelto en 25 de marzo de 1908.

Por las razones consignadas, la nota denegatoria de inscripción en el presente caso, debe revocarse y ordenar que se inscriba el documento presentado.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.