Teófilo José Marxuach Acosta, recurrente, *v.* El Registrador de la Propiedad de San Juan, Sección Primera, recurrido.

Núm. 1066.—*Sometido:* Marzo 19, 1940. *Resuelto:* Junio 24, 1940.

*Federico Acosta Velarde* y *Mariano Acosta Velarde,* abogados del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El 27 de diciembre de 1923 la Corte de Distrito de San Juan dictó sentencia a instancia de Carolina Amelia Acosta, declarando roto y disuelto el vínculo matrimonial existente entre la demandante y su esposo Teófilo Marxuach Plumey. Éste falleció el 8 de noviembre de 1939, dejando tres hijos habidos en su matrimonio con Carolina Amelia Acosta, quien no ha contraído nuevas nupcias.

En 29 de noviembre de 1939 la Corte de Distrito de San Juan dictó una resolución declarando únicos y universales herederos ab intestato de Marxuach a sus tres hijos ya mencionados. Presentada una copia certificada de dicha resolución en el registro de la propiedad, el registrador la inscribió, poniendo al pie del documento la siguiente nota:

"Inscrito este documento, con vista de otros en cuanto a una casa núm. 22 en la calle España, hoy trozo de la Carretera Nueva en la Sección Sur del barrio de Santurce de esta ciudad, y otra casa en la calle General Contreras núm. 139 de esta ciudad, de que se ha pedido inscripción, a los folios 168 y 241 vuelto de los tomos 36 de Santurce Sur y 81 de la Capital, fincas 2302 y 982 cuadruplicado e inscripciones 4a. y 19a., sin perjuicio de la cuota usufructuaria correspondiente a la viuda y ex esposa del causante Carolina Amelia Acosta."

No conforme con dicha nota, el heredero recurrente solicita su revocación y que se ordene al registrador que proceda a inscribir la resolución sobre declaratoria de herederos, sin reconocer derecho usufructuario alguno a la ex esposa del causante. En apoyo de su recurso, el recurrente cita el caso de *Tormes, Ex parte,* 53 D.P.R. 417.

Existe una notable diferencia entre el caso de autos y el de *Tormes, Ex parte,* supra. En la fecha del fallecimiento de Lanause, ya Herminia Tormes había contraído nuevas nupcias con Beauchamp. No podía ser a un mismo

tiempo viuda de uno y esposa legítima de otro. Y aunque al resolver el caso hicimos constar el hecho de las nuevas nupcias como una razón adicional para la confirmación de la sentencia, ella fué en realidad la razón fundamental para que dictáramos la sentencia que dictamos en dicho caso. Y esa sola razón es suficiente para que ahora confirmemos dicha sentencia, sosteniendo que cuando al ocurrir el fallecimiento del cónyuge culpable del divorcio el cónyuge supérstite inocente hubiese contraído nuevas nupcias, éste no tendrá derecho a cuota usufructuaria alguna.

■ Hemos dado cuidadosa consideración a la cuestión legal envuelta en el presente recurso, la que podemos formular así:

¿Tiene una mujer divorciada por culpa de su esposo y que a la fecha del fallecimiento de éste no ha contraído nuevas nupcias, derecho a participar en la herencia de su esposo, y a recibir la cuota usufructuaria que dispone el artículo 761 del Código Civil, edición de 1930?

El Código Civil de Puerto Rico, adoptado en el año 1902, disponía en su artículo 163 que el vínculo matrimonial se disuelve por la muerte de uno de los cónyuges, el divorcio o la nulidad. En sus artículos 164 a 177 especificaba las causas de divorcio y proveía el procedimiento para la obtención de un decreto de divorcio.

Al adaptar a Puerto Rico el Código Civil español, el legislador insertó como nuevas disposiciones las ya mencionadas referentes al divorcio y sustituyó algunas disposiciones del código español por otras nuevas.

El Código Civil español dispone en su artículo 834 lo siguiente:

"Artículo 834.—El viudo o viuda que al morir su consorte no se hallare divorciado, o lo estuviere por culpa del cónyuge difunto, tendrá derecho a una cuota, en usufructo, igual a la que por legítima corresponda a cada uno de sus hijos o descendientes legítimos no mejorados.

"Si no quedare más que un solo hijo o descendiente, el viudo o viuda tendrá el usufructo del tercio destinado a mejora, conservando

aquél la nuda propiedad, hasta que por fallecimiento del cónyuge supérstite se consolide en él el dominio.

"Si estuvieren los cónyuges separados por demanda de divorcio, se esperará el resultado del pleito.

"Si entre los cónyuges divorciados hubiere mediado perdón o reconciliación, el sobreviviente conservará sus derechos."

El artículo que acabamos de transcribir fué eliminado del Código Civil de 1902 y en su lugar y bajo el mismo título "Sección Séptima—Derechos del cónyuge viudo," se insertó el artículo 821, que lee así:

"Artículo 821.—El viudo o viuda tendrá derecho, si el difunto dejare un hijo legítimo o ilegítimo reconocido, o descendientes de éstos, a la mitad de la propiedad personal y real en que consistiere la herencia.

"Si el cónyuge difunto hubiere dejado más de un hijo viviendo o representado por sus descendientes, si alguno de ellos hubiere muerto, el cónyuge viviente tendrá derecho sólo a una tercera parte de la propiedad personal y real de los bienes en que consistiere la herencia.

"Cuando no hubiere descendientes, pero sí ascendientes, el cónyuge sobreviviente tendrá derecho a la mitad de la propiedad personal y real de los bienes de la herencia.

"No quedando descendientes ni ascendientes, el cónyuge sobreviviente tendrá derecho a las dos terceras partes de la propiedad personal y real de los bienes de la herencia."

Como se ve, ni en dicho artículo—ni en ningún otro del Código Civil de 1902—se reconoce derecho alguno a favor del cónyuge divorciado por culpa del difunto.

El referido artículo 821, supra, estuvo en vigor hasta marzo 9 de 1905, fecha en que fué expresamente derogado por una ley especial de la Asamblea Legislativa. La sección 8 de dicha ley (Leyes de 1905, pág. 155) es una copia literal del artículo 834 del Código Civil español, supra.

La Ley núm. 73 de marzo 9 de 1911 (pág. 247, Comp. 3880) enmendó la sección 8 de la ley de marzo 9 de 1905 (Comp. 3873–3893) para que leyera como sigue:

"Sección 8.—El viudo o viuda que al morir su consorte no se hallare divorciado, o lo estuviere por culpa del cónyuge difunto,

tendrá derecho a una cuota, en usufructo, igual a la que por legítima corresponda a cada uno de sus hijos o descendientes legítimos no mejorados.

"Si no quedara más que un solo hijo o descendiente *legítimo,* el viudo o viuda tendrá el usufructo del tercio destinado por la ley a constituir la mejora, conservando aquél la nuda propiedad, hasta que por fallecimiento del cónyuge supérstite se consolide en él el dominio.

"Si estuvieren los cónyuges separados por demanda de divorcio, se esperará al resultado del pleito.

"Las disposiciones de esta Sección y de las subsiguientes 9, 10, 11, 12 y 13 de esta Ley serán aplicables del propio modo a la sucesión intestada que a la sucesión testamentaria." (Bastardillas nuestras.)

La sección 8, supra, que con excepción del último párrafo y de la palabra "legítimo" en letra bastardilla en el segundo es copia literal del artículo 834 del Código Civil español (supra), fué incorporada como artículo 761 a la edición de 1930 de nuestro Código Civil.

Cuando el legislador, en marzo 9 de 1911, adoptó e incorporó al Código Civil el citado artículo 761, ya hacía nueve años que regía en esta Isla el artículo 163 del Código Civil de 1902 que provee que el vínculo matrimonial se disuelve por el divorcio.

El propósito evidente del legislador al eliminar del Código Civil de 1902 las disposiciones del artículo 834 del español, no podía ser otro que el de no conceder cuota usufructuaria alguna al cónyuge supérstite divorciado, aun cuando no fuera él o ella el culpable del divorcio. La intención legislativa al adoptar el vigente artículo 761, no obstante lo dispuesto en el 163, tiene que haber sido la de conceder iguales derechos que al viudo o viuda que al morir su consorte no estuviere divorciado, al cónyuge supérstite que estuviere divorciado al morir su consorte, por culpa de éste. Nos inclinamos a sostener la nota recurrida, no solamente por la claridad y precisión con que se ha redactado el estatuto, si que también porque no estamos autorizados para resolver que la disposición del primer párrafo del artículo 761, supra, referente al

cónyuge supérstite divorciado e inocente carece en absoluto de validez y no significa nada. Para resolverlo así, tendríamos que asumir, en contra de la lógica y del lenguaje claro y preciso del estatuto, que la intención que tuvo el legislador al aprobar el artículo 761 fué la de castigar al cónyuge. inocente y cumplidor de sus deberes matrimoniales, privándole de toda participación en la herencia del culpable.

El caso de *Tormes, Ex parte*, supra, debe considerarse como revocado en cuanto es inconsistente con esta opinión y confirmado como ya lo hicimos constar en cuanto sostiene que el cónyuge inocente que al fallecimiento del culpable ha contraído ya nuevas nupcias no tiene derecho a cuota usufructuaria alguna.

*En tal virtud, debe confirmarse la nota recurrida.*