JULIA PIRELA VIUDA DE FIGUEROA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

Núm. 1185.—*Sometido:* Abril 17, 1946. *Resuelto:* Abril 26, 1946.

*Luis Domínguez Rovira,* abogado de la recurrente; el registrador recurrido no compareció.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tritribunal.

Ramón Figueroa Martínez, siendo soltero, adquirió una finca urbana en el municipio de Arroyo. En el año 1919 contrajo matrimonio con Esperanza Suárez, de la cual se divorció en el 1921, sin haber tenido hijos.

Después de haber tenido una hija natural reconocida, nacida en 1922, Figueroa contrajo matrimonio con Julia Pirela, la recurrente, naciendo de esa unión, en mayo de 1928, la niña Acacia Figueroa Pirela. Muerto Figueroa sin haber dejado testamento, la Corte de Distrito de Guayama, por resolución de diciembre 6 de 1945, declaró únicos y universales herederos del finado a sus dos hijas "y a la viuda, Julia Pirela viuda de Figueroa, en la cuota legal usufructuaria".

Solicitada la inscripción de la finca a nombre de los herederos de Figueroa, el Registrador la practicó, haciendo constar en su nota lo que sigue:

"Sujeta a la cuota legal usufructuaria correspondiente a la cónyuge supérstite Julia Pirela Vda. de Figueroa *y sin perjuicio de la cuota usufructuaria que pudiera corresponder a la cónyuge divorciada del causante Esperanza Suárez,* con arreglo a lo dispuesto en el artículo 761 del Código Civil de Puerto Rico y lo resuelto por el Tribunal Supremo de Puerto Rico en el caso de Marxuach v. Registrador, 57 D.P.R. 134." (Bastardillas nuestras.)

La recurrente solicita la revocación de la nota del Registrador en cuanto a la reserva que en la misma se hace de "la cuota usufructuaria que pudiera corresponder a la cónyuge divorciada del causante, Esperanza Suárez". Sostiene que dicha nota es errónea (1) porque la consignación de tal reserva

equivale a modificar la resolución dictada por la Corte de Distrito de Guayama en el expediente sobre declaratoria de herederos, facultad de que carece el Registrador; y (2) porque la decisión de esta Corte Suprema en *Marxuach v. Registrador,* 57 D.P.R. 134, citada por el Registrador como fundamento de su nota, no es aplicable al caso de autos.

En la resolución dictada el 6 de diciembre de 1945, la corte de distrito hizo constar que, de acuerdo con la prueba, Figueroa había contraído primeras nupcias con Esperanza Suárez, sin haber procreado hijos; y que por sentencia de la misma corte dichos esposos se divorciaron en enero 7 de 1921. No obstante haber tenido conocimiento de esos hechos, la corte sentenciadora declaró herederas del finado a la hija natural reconocida, nacida después del divorcio, y a la hija legítima nacida del subsiguiente matrimonio con Julia Pirela, la recurrente, reconociendo a esta última, como viuda de Figueroa, el derecho a la cuota legal usufructuaria. En otras palabras, la corte de distrito resuelve que la única viuda de Ramón Figueroa, con derecho a la cuota usufructuaria que la ley concede a la viuda, es la recurrente, o sea la que era su legítima esposa al ocurrir su fallecimiento; y el Registrador, excediéndose a nuestro juicio en sus atribuciones, declara en su nota que Esperanza Suárez, de quien el causante se divorció hace 25 años, tiene también derecho a la cuota usufructuaria correspondiente a las viudas.

Opinamos que el Registrador recurrido fué más allá de lo permitido por el artículo 18 de la Ley Hipotecaria y de la interpretación que al mismo ha dado esta Corte Suprema. *Inchausti v. Registrador,* 17 D.P.R. 596; *Cintrón v. Registrador,* 35 D.P.R. 805; *Sucesión Trías v. Registrador,* 59 D.P.R. 460-467.

Los hechos en *Marxuach v. Registrador,* supra, eran completamente diferentes a los del presente caso.

Marxuach y su esposa se divorciaron. La demanda fué iniciada por ella y la sentencia dictada a su favor como cón-

yuge inocente. Al fallecer Marxuach en 1939 ni él ni ella habían contraído nuevas nupcias. Habiendo sido declarados únicos y universales herederos de Marxuach los tres hijos habidos en su matrimonio con su esposa divorciada, el Registrador inscribió la declaratoria de herederos "sin perjuicio de la cuota usufructuaria correspondiente a la viuda y ex esposa del causante". En el recurso interpuesto por uno de los herederos, confirmamos la nota recurrida y resolvimos, copiando del sumario, que "una mujer divorciada por culpa de su esposo que a la fecha del fallecimiento de éste no ha contraído nupcias, tiene derecho a participar en la herencia del que fué su esposo y a recibir la cuota usufructuaria que dispone el artículo 761 del Código Civil, edición de 1930". El citado artículo, en lo pertinente, dice así:

"El viudo o viuda que al morir su consorte no se hallare divorciado, o lo estuviere por culpa del cónyuge difunto, tendrá derecho a una cuota, en usufructo, igual a la que por legítima corresponda a cada uno de sus hijos o descendientes legítimos no mejorados."

En *Tormes, Ex parte,* 53 D.P.R. 417, la primera esposa del causante solicitó y obtuvo el divorcio por la causal de abandono y contrajo nuevas nupcias. Al fallecer su primer esposo, la señora Tormes solicitó que en la declaratoria de herederos se le reconociera el derecho a la cuota usufructuaria de acuerdo con el citado artículo 761. Resolvimos:

"La contención de la peticionaria de que ella era viuda del causante en la época del fallecimiento de éste es insostenible por la razón adicional de que en esa época la peticionaria ya había contraído nuevas nupcias y era la esposa legítima de Guillermo Beauchamp. No podía la apelante ser a un mismo tiempo viuda y casada." (Citas.)

Es indudable que si Figueroa no se hubiese casado por segunda vez, su primera esposa, quien conservó su *status* de divorciada, tendría los mismos derechos que esta Corte reconoció a la cónyuge supérstite divorciada en el caso de *Marxuach,* supra. Pero, habiéndose casado nuevamente el esposo divor-

ciado, Figueroa, y habiéndole sobrevivido su segunda esposa, la recurrente, ¿tendría derecho la primera esposa, la divorciada, a alegar que ella también es viuda del causante, con derecho a la cuota usufructuaria? La pregunta que hemos formulado debe ser contestada en la negativa.

El artículo 761 del Código Civil establece el derecho a cuota usufructuaria a favor de una sola persona: "el viudo o viuda que al morir su consorte no se hallare divorciado, o lo estuviere por culpa del cónyuge difunto." En el caso de Marxuach, el status creado por la sentencia de divorcio se mantuvo intacto hasta el momento de la muerte de Marxuach, pues ni él ni ella habían contraído nuevas nupcias. Por eso fué que su ex esposa pudo reclamar la cuota usufructuaria como viuda que al morir su consorte se encontraba divorciada por culpa del cónyuge difunto. En el presente caso Esperanza Suárez, la primera esposa, no podría alegar que ella quedó viuda al fallecer Figueroa, pues éste estaba casado con la recurrente. Es ésta la única que puede reclamar los derechos correspondientes a la viuda del causante. Para sostener lo contrario tendríamos que admitir la posibilidad legal de que un hombre muera dejando dos o más viudas.

*La nota será revocada en cuanto a la reserva de cuota usufructuaria a favor de la cónyuge divorciada.*