RODOLFO E. BETANCOURT GARCÍA, demandante y peticionario, *ex parte, v.* REYES RUIZ RESTO, interventora y recurrida.

*Número:* R-83-388     *Resuelto:* 17 de mayo de 1984

*Carlos López de Azúa,* abogado del recurrente; *Antonio González Géigel,* abogado de la recurrida.

## RESOLUCIÓN

Al recurso de revisión, no ha lugar.

Lo acordó el Tribunal y certifica la Secretaria General. El Juez Asociado Señor Irizarry Yunqué lo expediría por los fundamentos que expresa en opinión separada de esta misma fecha.

(*Fdo.*) Lady Alfonso de Cumpiano
*Secretaria General*

—O—

Voto separado del Juez Asociado Señor Irizarry Yunqué.

El matrimonio que existió entre don Rodolfo E. Betancourt de Mateo y doña Reyes Ruiz Resto fue disuelto por sentencia de divorcio, por la causal de separación por más de dos años, el 20 de agosto de 1979. Don Rodolfo falleció *ab intestato* el 2 de noviembre de 1982 sin que ni él ni doña Reyes se volvieran a casar. Al tramitarse declaratoria de herederos al óbito de don Rodolfo, el tribunal de instancia declaró herederos del causante a tres hijos de éste y a doña Reyes en cuanto al usufructo viudal. No conforme con ello el peticionario, quien es uno de los hijos, instó ante nos el recurso que aquí consideramos. Doña Reyes ha comparecido mediante escrito de intervención y oposición. Este tribunal deniega la expedición del auto. Con ello deja pasar la oportunidad para señalar la norma que no ha quedado clara

respecto al usufructo viudal en el caso de cónyuges divorcia-dos y, no menos importante, dejar sentado de una vez y por todas que el divorcio en esta jurisdicción rompe todo nexo entre los cónyuges, asunto que ha preocupado a los estudio-sos del Derecho puertorriqueño desde las decisiones emitidas en *Tormes Ex Parte* 53 D.P.R. 417 (1938), y *Marxuach* v. *Registrador*, 57 D.P.R. 134 (1940). A continuación dejo cons-tancia de mi posición.

## I

El planteamiento central que hace el peticionario es que no habiendo cónyuge culpable al decretarse el divorcio bajo la causal de separación, no tiene derecho el supérstite a la cuota viudal usufructuaria autorizada por el Art. 761 del Código Civil, 31 L.P.R.A. sec. 2411. Tiene razón.

El citado Art. 761 dispone en su primer párrafo, aquí pertinente, lo siguiente:

> El viudo o viuda que al morir su consorte no se hallare divorciado, *o lo estuviere por culpa del cónyuge difunto*, tendrá derecho a una cuota, en usufructo, igual a la que por legítima corresponda a cada uno de sus hijos o descendientes legítimos no mejorados. (Énfasis nuestro.)

El Art. 96 del Código Civil, 31 L.P.R.A. sec. 321, según enmendado y como ha estado vigente desde antes de ocurrir el divorcio entre don Rodolfo y doña Reyes, dispone la causal de separación como base para que se decrete el divorcio en su inciso noveno, que dice:

> La separación de ambos cónyuges por un período de tiempo sin interrupción de más de dos años; Disponiéndose que, pro-bada satisfactoriamente la separación por el expresado tiempo de más de dos (2) años, al dictarse sentencia no se considerará a ninguno de los cónyuges inocente ni culpable. Para los efec-tos del Artículo 761 de este Código, se considerarán ambos cónyuges como inocentes.

La causal de separación se introdujo en Puerto Rico al adicionarse este inciso (9) al Art. 96 mediante la Ley Núm.

46 de 9 de mayo de 1933. Dispuso dicha ley que al dictarse sentencia de divorcio bajo dicha causal "se considerará como cónyuge inocente a la mujer con todos los derechos inherentes a tal condición como consecuencia del divorcio". La Ley Núm. 101 de 2 de junio de 1976, parte de un esquema legislativo orientado hacia la eliminación del discrimen por razón de sexo, enmendó dicho inciso para disponer que "no se considerará a ninguno de los cónyuges inocente ni culpable". Esta expresión creó dudas en cuanto a la aplicación del Art. 761 que, de su faz, establece como condición para que el cónyuge divorciado tenga derecho a la cuota viudal usufructuaria, que lo esté "por culpa del cónyuge difunto".

La Ley Núm. 183 de 26 de julio de 1979 pretendió disipar las dudas. Añadió al mencionado inciso (9) su última oración, a saber: "Para los efectos del Artículo 761 de este Código, se considerarán ambos cónyuges como inocentes". Su exposición de motivos expresa:

> Las enmiendas introducidas al Artículo 96, inciso (9) del Código Civil de 1930 por la Ley Núm. 101 de 2 de junio de 1976, decretó que al probarse satisfactoriamente la separación ininterrumpida de ambos cónyuges por más de dos (2) años, al dictarse sentencia no se considerará a ninguno de los cónyuges inocente, ni culpable. Esto ha dejado serias dudas con respecto a la aplicabilidad de las disposiciones del Artículo 761 del Código Civil de Puerto Rico de 1930, según enmendado.
>
> El susodicho Artículo 761 decreta el derecho de usufructo del cónyuge viudo y establece que el viudo o viuda, según sea el caso, que al morir su consorte no se hallare divorciado, o lo estuviere por culpa del cónyuge difunto, tendrá derecho a una cuota en usufructo.
>
> Como requisito para obtener una cuota usufructuaria viudal, en caso de divorciados, el cónyuge divorciado supérstite tiene que haber sido declarado cónyuge inocente al momento del divorcio, entre otras cosas.
>
> En la forma que quedó enmendado el Artículo 96 no se establece claramente si este derecho a cuota usufructuaria viudal está presente en los casos de divorciados por separación, en la cual no hay cónyuge inocente ni culpable.
>
> Aunque la intención de la Ley Núm. 101 de 2 de junio de

1976 es clara y pretende únicamente eliminar la discriminación por razón de sexo hasta ese entonces existente en dicho artículo. Se entiende que procede aclarar el mismo para que de forma expresa se determine que a los efectos del susodicho Artículo 761 se considerarán ambos cónyuges como inocentes.

A mi juicio estas expresiones no han aclarado las "serias dudas" creadas por la enmienda del 1976. Los informes de la Comisión de lo Jurídico Civil de la Cámara de Representantes y de la Comisión de lo Jurídico del Senado, únicas fuentes de información que hemos podido hallar en el historial legislativo de la mencionada Ley Núm. 183 son parcos, prácticamente idénticos, y nada dicen que no esté expresado en la exposición de motivos de dicha ley. [1]

Si el Legislador quiso que el cónyuge divorciado por la causal de separación tenga derecho a la cuota viudal usufructuaria establecida por el Art. 761 fácil le hubiese sido enmendar dicho artículo, intercalando la frase "o por la causal de separación", así:

El viudo o viuda que al morir su consorte no se hallare divorciado, o lo estuviere por culpa del cónyuge difunto *o por la causal de separación*, tendrá derecho a una cuota, en usufructo. . . .

---

[1] Véase 33 Diario de Sesiones de la Asamblea Legislativa 76–77 (1979), y el informe de la Comisión de lo Jurídico Civil de la Cámara de Representantes (P. de la C. 670), donde dice:

"El propósito de la medida es enmendar el inciso (9) del Artículo 96 del Código Civil de 1930 según enmendado, a los fines de que se considere para efectos del Artículo 761 a ambos cónyuges como inocentes. Como está vigente el Artículo 761 del Código Civil de 1930, para que el cónyuge divorciado supérstite tenga derecho a la cuota usufructuaria tiene que haber sido declarado cónyuge inocente al momento del divorcio, presupone la culpa del cónyuge difunto. Al enmendarse el inciso (9) del Artículo 96 del Código Civil de 1930 por la Ley Núm. 101 de 2 de junio de 1976 se estableció que al dictarse sentencia no se considerará a ninguno de los cónyuges inocente ni culpable dejando una laguna respecto a la aplicabilidad del Artículo 761 del Código Civil a las disposiciones de este artículo no quedó claramente establecido si este derecho a cuota usufructuaria viudal está presente en los casos de divorciados por separación, en el que no hay cónyuge inocente ni culpable. Es por lo tanto necesario aclarar el Artículo 96 inciso (9) para que de forma expresa se determine que a los efectos del Artículo 761 se considerarán ambos cónyuges como inocentes."

Las Leyes Núm. 46 de 1976 y Núm. 183 de 1979, además de eliminar el discrimen por razón de sexo que se hacía en la redacción original del inciso (9), tuvieron el efecto de eliminar el concepto de culpa en la causal por separación, concepto que ha estado vinculado al divorcio desde que se instituyó en esta jurisdicción. Hasta la enmienda del 1976 en todo caso de divorcio tenía que haber un cónyuge inocente y uno culpable. Como señaláramos en *Figueroa Ferrer* v. *E.L.A.*, 107 D.P.R. 250 (1978), la teoría de la culpa en el divorcio, hoy desprestigiada, ha ido desapareciendo en las legislaciones modernas de América y de Europa. La situación en Estados Unidos la describimos así, pág. 266:

> En Estados Unidos, de cuyo antiguo derecho proviene nuestra ley de divorcio, con su fuerte dependencia en el concepto de culpa y castigo, la tendencia ha sido a abolirlo, junto a las defensas que se derivan de él, tales como la colusión, la recriminación y la connivencia. Para el 1 de agosto de 1977 sólo tres estados de la Unión, Illinois, Pennsylvania y Dakota del Sur, se aferran, como Puerto Rico, a la desprestigiada teoría de la culpa como base para la concesión del divorcio. 3 Fam. L. Rep. 4047-4048. En treinta y un estados puede obtenerse el divorcio por ruptura irreparable del nexo matrimonial, como causal aparte de la de separación de los cónyuges por determinado período. 3 Fam. L. Rep. 4048. En cinco estados se reconoce abiertamente el divorcio por simple consentimiento mutuo. 3 Fam. L. Rep. 4099. Se ha cuestionado en la doctrina el poder del estado para denegar el divorcio por consentimiento mutuo. P. Berg, *Are Fault Requirements in Divorce Actions Unconstitutional?*, 16 J. of Fam. L. 265, 279 (1977-1978).

España introdujo el divorcio como tal, es decir, como causa de disolución del matrimonio válidamente contraído, por ley de 7 de julio de 1981. Hasta entonces el llamado "divorcio" era en España no otra cosa que una separación regulada por ley. La legislación del 1981 fue más lejos y adoptó el divorcio *sin culpa*, basado como única causal, en el cese efectivo de la convivencia conyugal "durante un período ininterrumpido que puede ser de un año o de dos años, según

las circunstancias que establece el art. 86 del Código civil". Véase M. Albaladejo, IV *Curso de Derecho civil, Derecho de familia*, Barcelona, Ed. Bosch, 1982, pág. 81 y ss.

El derecho a una cuota viudal usufructuaria que se ha venido reconociendo al cónyuge divorciado en nuestra jurisdicción a base del Art. 761 ha estado enmarcado en dos premisas, a saber, (1) la culpa del cónyuge difunto como causante del divorcio y (2) una vinculación post divorcio entre los ex cónyuges mantenida en virtud de la decisión de este Tribunal en *Marxuach* v. *Registrador*, supra.

El aspecto de culpa quedó eliminado en la causal de separación en virtud de las citadas leyes de 1976 y 1979. Al decirse en la exposición de motivos de la Ley Núm. 183 de 1979 que para tener derecho a cuota usufructuaria viudal "el cónyuge divorciado supérstite tiene que haber sido declarado cónyuge inocente", lo que ello implica es que el cónyuge fallecido debió tener la culpa por el divorcio entre ambos, pues el Art. 761 no habla del cónyuge inocente. Confiere el derecho del cónyuge divorciado a la cuota usufructuaria viudal si "lo estuviere *por culpa del cónyuge difunto*". Como por las enmiendas del 1976 y 1979, para los efectos de este artículo (761) "se considerarán ambos cónyuges como inocentes", no puede decirse que el divorciado lo esté "por culpa del cónyuge difunto". En conclusión, no hay derecho a cuota viudal usufructuaria en casos de divorcio por la causal de separación por no haber cónyuge culpable bajo dicha causal.(2)

## II

En cuanto al efecto del divorcio sobre el vínculo matri-

---

(2) Lo contrario llevaría al absurdo, según ilustra el siguiente ejemplo: A y B, casados entre sí, están separados hace más de dos años debido a que B abandonó el hogar para irse a vivir en concubinato con C. Por la razón que fuere, se divorcian por separación. Luego del divorcio muere A. Si se entendiera que B, por ser "cónyuge inocente" bajo la ley, pues el divorcio fue por separación, tendría derecho al usufructo viudal, de hecho se estaría premiando al cónyuge culpable. El ejemplo puede ser más irritante si B, después de la muerte de A, se hubiese casado con C.

monial, es tiempo de que rectifiquemos a *Marxuach* v. *Registrador* y reconozcamos la correcta doctrina de *Tormes Ex Parte*, supra.

Antes del 1902 regían en Puerto Rico las disposiciones sobre divorcio contenidas en el Código Civil de 1889. El divorcio no tenía el alcance de romper el vínculo matrimonial. Consistía en una separación regulada por ley, pero los cónyuges seguían casados entre sí, al extremo que si uno de ellos contraía nupcias incurría en el delito de bigamia.

En 1902 se introduce en Puerto Rico el divorcio absoluto que, según el Art. 173 del Código de entonces, hoy Art. 105 (31 L.P.R.A. sec. 381), "lleva consigo la ruptura completa del vínculo matrimonial y la separación de propiedad y bienes de todas clases entre los cónyuges". No obstante, al reincorporarse al Código, en 1905, el Art. 834 del Código español (hoy Art. 761 del nuestro), se copió tal como aparecía en el Código español sin advertirse que en España, distinto a Puerto Rico, el divorcio no rompía el vínculo. Véase L. Muñoz Morales, *Derecho del cónyuge divorciado*, 10 Rev. Jur. U.P.R. 219-220 (1940). Dijimos, al respecto, en *Tormes Ex Parte*, supra, págs. 419-420:

> Y mientras el divorcio en España "sólo produce la suspensión de la vida común de los casados" (artículo 104 del Código Civil español), el 105 del de Puerto Rico estatuye que "el divorcio lleva consigo la ruptura completa del vínculo matrimonial y la separación de propiedad y bienes de todas clases entre los cónyuges".
>
> De modo que en lo que respecta a los efectos del matrimonio y a las consecuencias del divorcio, existe marcada diferencia entre la legislación de un país y otro. En España ". . . sólo el fallecimiento de uno de los consortes desata el lazo existente . . ." porque allí "la perpetuidad del vínculo, el *consortium omnis vitae* de Modestino, constituye la esencia de la institución del matrimonio, el cual únicamente acaba con la aplicación del principio *mors omnia solvit* . . ." . Manresa, Comentarios al Código Civil Español, tomo 1, pág. 294, tercera edición. En Puerto Rico, el divorcio tanto como la muerte y la declaración de nulidad disuelven el matrimonio. En España la

ley rechaza el divorcio *quoad vinculum,* circunscribiéndolo al *quoad thorum et mutuam habitationem.* El divorcio en Puerto Rico quebranta, rompe, disuelve el lazo matrimonial en vida de los cónyuges, a quienes deja en libertad de contraer nuevas nupcias.

Aunque tanto el artículo 761 de nuestro Código Civil como su equivalente el 834 del de España establecen un derecho claro a favor del viudo o viuda que al morir su consorte no se hallare divorciado o lo estuviere por culpa del cónyuge difunto, es obvio de lo que precede, que ambos artículos tienen distinto concepto del "divorciado" a que se refieren, por lo que distintos deben y han de ser también los derechos que establecen.

La decisión en *Marxuach* v. *Registrador,* supra, que dejó sin efecto la bien razonada y jurídicamente correcta doctrina expuesta en *Tormes Ex Parte* ha sido objeto de severa crítica por prominentes juristas y estudiosos del Derecho puertorriqueño. Véanse: Muñoz Morales, *op. cit.,* págs. 197–226; D. Toledo Álamo, *Exigibilidad de las obligaciones mercantiles,* 19 Rev. Jur. U.P.R. 1, 7 n. 11 (1949); G. Velázquez, *Teoría del Derecho sucesorio puertorriqueño,* Puerto Rico, Ed. Equity Pub. Corp., 1968, Sec. 25, pág. 26; C. E. Mascareñas, *La disolución del matrimonio en el Derecho puertorriqueño,* 29 Rev. Jur. U.P.R. 269 y ss. (1960), particularmente las págs. 324–330; E. González Tejera, *Derecho sucesorio puertorriqueño,* Puerto Rico, Ramallo Bros. Printing, Inc., 1983, Vol. I, págs. 90–92.

Es de notarse que hace casi un cuarto de siglo, en virtud de la Ley 24 de abril de 1958, se dio en España una nueva redacción al Art. 834 (761 nuestro). Desde entonces dice:

Art. 834. El cónyuge que al morir su consorte no se hallare *separado* o lo estuviere por culpa del difunto, si concurre a la herencia con hijos o descendientes, tendrá derecho . . . . (Énfasis suplido.) *Código Civil,* 2da ed., Madrid, Ed. Tecnos, 1982, pág. 245.

Como puede verse, se sustituyó la palabra "divorciado" por "separado" que es el término apropiado para el estado de

Derecho relativo al divorcio en España, tanto antes de la legislación de 1981 como ahora. Bajo la legislación actual, como antes señaláramos, el divorcio rompe el vínculo matrimonial de manera absoluta.

## III

Lo expresado bastaría para concluir que, independientemente del concepto de culpa, el cónyuge divorciado no tiene derechos hereditarios en los bienes de su ex cónyuge difunto. Ello equivaldría a eliminar la parte del Art. 761 que concede tal derecho. No obstante, tropezamos con el escollo de que si bien el legislador incurrió en una inadvertencia al reincorporar dicha disposición al Código Civil en 1905, nuestra decisión en *Marxuach* v. *Registrador*, supra, ha creado un estado de Derecho que ha inducido al legislador a dar por buena su doctrina y considerar, como surge de la Ley Núm. 183 de 1979, que cuando hay culpa en el divorcio el cónyuge inocente tendrá derecho a la cuota viudal usufructuaria al ocurrir el fallecimiento del cónyuge culpable. Parece que este Tribunal no considera apropiado enfrentarse por ahora al problema. Quizás si alertado el Poder Legislativo, toma la decisión deseable a mi juicio de eliminar la referencia al divorcio en el Art. 761. Por otra parte, el problema también se resolvería mediante la eliminación del concepto de culpa en relación con el divorcio. Para ello se necesitaría legislación.

Las cuestiones planteadas en este recurso no pueden soslayarse por más tiempo. Es lamentable que el Tribunal pase por alto esta oportunidad de enfrentarse a ellas. El auto solicitado debió ser expedido y la sentencia recurrida debería revocarse.