CRUZ DELIA GUZMÁN CONCEPCIÓN, peticionaria, *Ex parte.*

*Número:* CE-87-401          *Resuelto:* 17 de junio de 1988

*Luz de Borinquen Dávila,* de *Dávila & Pagán,* abogada de la peticionaria; *Norma Cotti Cruz, Subprocuradora General,* y *Miriam Álvarez Archilla, Procuradora General Auxiliar,* abogadas de El Pueblo.

---

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

I

Cruz D. Guzmán Concepción estuvo casada en primeras y únicas nupcias desde el 25 de mayo de 1974 con Jesús Desiderio Carrasquillo, en cuyo matrimonio procrearon dos (2) hijos. El 31 de enero de 1979 el Tribunal Superior, Sala de Bayamón, previa vista al efecto, decretó disuelto dicho vínculo matrimonial por *mutuo consentimiento* (RF-78-4550). Desiderio Carrasquillo falleció ab intestato el 23 de noviembre de 1986 sin haberse casado nuevamente.

El 13 de febrero de 1987, Guzmán Concepción presentó ante el mismo foro la declaratoria de herederos (87-582) en la que solicitaba que se declarara a sus dos (2) hijos únicos y universales herederos del causante y a ella con derecho a la cuota viudal usufructuaria. Oportunamente, el tribunal declaró sin lugar su pedido en virtud del fundamento siguiente:

> El artículo 761 de referencia reconoce el derecho a una cuota en usufructo al ex-cónyuge cuando estuvieren divorciados *"por culpa del cónyuge difunto"*.
> De la disposición legal mencionada y la jurisprudencia que la interpreta surge el derecho del ex-cónyuge divorciado inocente *por razón de que el otro fue culpable del divorcio*.
> En el divorcio por separación se eliminó por legislación el concepto de c[ó]nyuge culpable que existía cuando se resolvió el caso de López Valdés (1968) y se hizo aplicable a dicha causal las disposiciones del Art. 761 (Véase, Ley [Nú]m. 101 de 2 de junio de 1976 y Ley Núm. 183 de 26 de julio de 1979).
> Solamente por *fiat judicial* se le podría reconocer a los ex-cónyuges en los casos de divorcio por consentimiento mutuo el derecho a una cuota usufructuaria legal.
> Corresponde al [P]oder [L]egislativo, como en la causal de separación, así prescribirlo si considerare que exist[e]n razones que lo justifiquen desde el punto de vista social y legal. (Énfasis suplido.) Anejo V, pág. A-10.

No conforme, mediante trámite de mostración de causa, revisamos su reclamo a la cuota viudal usufructuaria.

## II

■ La tesis de la peticionaria Guzmán Concepción es que como cónyuge supérstite divorciado e *inocente* tiene derecho a dicha cuota. Aduce que debemos proveer el mismo enfoque que existe para casos de divorcios por la causal de separación, a tono con la enmienda introducida al Art. 96 del Código Civil, 31 L.P.R.A. sec. 321. A juicio suyo, el propósito legislativo fue considerar a ambos cónyuges inocentes y, por ende, acreedores a la misma.

No podemos acceder. Recientemente, en *Ripoll Alzuru v. Rosa Pagán*, 121 D.P.R. 1 (1988), resolvimos que un ex cónyuge divorciado por la causal de *separación* no tiene ese derecho. Allí arribamos a esa conclusión luego de un extenso examen de la trayectoria histórica y doctrina jurisprudencial previa en torno al instituto de la cuota viudal usufructuaria. El elemento crucial decisorio fue la condición de *inocentes* que de jure creaba ese dictamen de divorcio entre los ex cónyuges. En lo pertinente expusimos:

> La cuota usufructuaria en casos de divorcios siempre ha estado inexorablemente atada al concepto de culpa. Esa culpa, según *Marxuach v. Registrador*, [57 D.P.R. 134 (1940)], se paga al perder la cuota. Para fines decisorios, asumimos la validez constitucional de la función social de la *culpa* como basamento en donde apuntalar la cuota. Ello acentúa más su carácter de elemento imprescindible, pues su significado neto es castigar al culpable y premiar al inocente.
>
> Aunque en aparente buena lógica, por virtud de la rotura vincular y total del divorcio, no debería existir la anomalía del derecho a la cuota viudal usufructuaria entre ex cónyuges, pues no subsiste la sociedad de gananciales que finalizó con dicho divorcio. La jurisprudencia anterior fue acertada en cuanto a los efectos del concepto de culpa. Antes no existía en nuestra jurisdicción el divorcio *sin culpa*. La Ley Núm. 101

de 1976, *supra*, eliminó la designación automática de la mujer como cónyuge inocente en la causal estatutaria de *separación*. Como resultado, ambos serían inocentes y, como corolario, ninguno culpable.

La tesis de la [peticionaria Guzmán Concepción] de que "al presente ambos ex cónyuges tienen derecho a recibir la cuota" presenta el obstáculo insuperable de que si los dos son inocentes, ninguno es culpable. A su vez, si ninguno tiene *culpa*, hemos de rechazar que esa cualidad legal en *vida*, por el simple acto fortuito de la muerte, se trastoque y lo convierta en culpable. Semejante metamorfosis no cabe en nuestro derecho. La condición de inocentes en vida es indivisible en la muerte. No podemos aceptar que a dos seres humanos, que al amparo de la ley —uno frente al otro— ostentaron igual posición de inocencia, puede la muerte variar esa condición y condenar a uno. Rubricaríamos un anticlimax intolerable. El derecho no puede suplir e imputar el elemento de culpa entre cónyuges después de la muerte de uno de ellos. Si ambos fueron inocentes en vida, la ley no puede anatematizar y póstumamente declararlo culpable. Ese atributo sólo pertenece al Sumo Hacedor. Con la muerte cesó toda la personalidad natural y jurídica del ex cónyuge [Desiderio Carrasquillo], y como tal, sujeto inimputable en derecho. R. Ato del Avellanal, *Proyecciones jurídicas de la muerte en diversas ramas del derecho*, IX Rev. C. Abo. La Plata 87, 89 (1967); *Pueblo v. Morales Díaz*, 120 D.P.R. 249 (1987). La *vacante de cónyuge culpable* producida por la muerte no puede ser así llenada. (Énfasis en el original y escolio omitido.) *Ripoll Alzuru v. Rosa Pagán*, supra, págs. 19–21.

## III

█ Por fundamentos válidos erigidos sobre el derecho constitucional a la intimidad y a la dignidad personal, *Figueroa Ferrer v. E.L.A.*, 107 D.P.R., 250 (1978), rompió el esquema tradicional de concebir el divorcio como un remedio predicado inflexiblemente al concepto de culpa. Nos pronunciamos respecto a que en la petición conjunta de los cónyuges "[n]o tiene que existir una parte inocente y otra culpa-

ble. La esencia del derecho estriba en la abolición de la noción de culpa". Íd., pág. 276. El pensamiento de vanguardia judicial que inspiró ese curso decisorio fue lograr la máxima humanización del derecho. La consecución de ese ideal de justicia activa en el presente caso —como fuente de hermenéutica— la regla de aplicación analógica de principios similares. *Olmo v. Young & Rubicam of P.R., Inc.*, 110 D.P.R. 740, 743 (1981). Los razonamientos expuestos en *Ripoll Alzuru v. Rosa Pagán*, supra, son controlantes. En consecuencia, resolvemos que un ex cónyuge divorciado por *consentimiento mutuo* no tiene derecho a la cuota viudal usufructuaria.

*Se dictará sentencia confirmatoria.*

El Juez Asociado Señor Rebollo López concurre con el resultado sin opinión escrita.