Martínez Torres, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Luis A. Irizarry Freyre se divorció de la co-demandada Elsa Esterrich Martínez el 12 de diciembre de 1984. Aún así, el 23 de mayo de 1985 designó a ésta como beneficiaría de los fondos a ser desembolsados por el Sistema de Retiro de la Universidad de Puerto Rico, en caso de muerte.
*1052 El Sr. Irizarry Freyre murió intestado el 5 de junio de 1995. El 24 de agosto del mismo año, el Tribunal de Primera Instancia declaró como su única y universal heredera a su hermana, la aquí co-demandada Esther Irizarry Freyre.
El Sistema de Retiro de la U.P.R. presentó este pleito bajo la Regla 19 de Procedimiento Civil (interpleader) para que el tribunal decida cuál de las co-demandadas -Irizarry Freyre y Esterrich Martínez- tiene derecho a los $41,716.76 que corresponden como beneficio por la muerte no ocupacional del Sr. Luis A. Irizarry Freyre. Simultáneamente, dicha suma fue depositada en el tribunal.
La co-demandada Esterrich Martínez sostiene que el dinero le corresponde como beneficiaría designada. Por su parte, la co-demandada Irizarry Freyre reclama su derecho a la suma consignada por ser la única y universal heredera del causante y porque la designación de beneficiarios ante el Sistema de Retiro es nula, ajuicio suyo, por no cumplir con los requisitos de la testamentaría.
El Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Mayaguez (Hon. Eliseo Gaetán y Mejías, Juez) decidió que la designación de beneficiarios goza de los atributos legales de la testamentaría ante la ausencia de herederos forzosos del causante Irizarry Freyre. En consideración de ello, dictó sentencia sumaria a favor de la co-demandada Elsa Esterrich Martínez, por la suma total consignada.
De ese dictamen, apela la co-demandada Esther Irizarry Freyre. Plantea que como la designación de beneficiarios tiene su génesis en un reglamento y no en una ley, no tiene los mismos efectos legales que una testamentaría, sino los de una donación morti s causa nula, porque no cumple con los formalismos y solemnidades del testamento. Contrario al foro apelado, la apelante entiende que su posición no dislocaría el Sistema de Retiro de la U.P.R. Además, señala que el tribunal de instancia incidió al presumir que las aportaciones que el causante hizo al Sistema de Retiro son gananciales y no celebrar una vista al respecto. La co-demandada-apelada compareció el 4 de febrero de 1997 a oponerse a la posición de la co-demandada-apelante.
I
La designación de beneficiarios es una figura de nuestro Derecho que no está contemplada por el vetusto Código Civil de Puerto Rico. Responde a la realidad económica contemporánea, bajo la cual han florecido los planes de retiro y los seguros de vida, figuras desconocidas en la España feudal del Siglo XIX. Le aplican leyes especiales y, de forma subsidiaria, las disposiciones del Código Civil referentes a la donación. Véase Lage v. Central Fed. Savings, 108 D.P.R. 72 (1978).
El Tribunal Supremo de Puerto Rico interpretó esta figura en Rodríguez Pérez v. Sucn. Rodríguez, 126 D.P.R. 284 (1990), un caso muy parecido al que hoy nos ocupa. Allí se trataba de una tarjeta testamentaria dejada por el causante en la Cooperativa de Crédito y Ahorro de Hormigueros. El Tribunal Supremo resolvió que el efecto de la designación de beneficiarios estaba regulada por el Artículo 31 de la Ley de Sociedades Cooperativas de Ahorro y Crédito, Ley Núm. 1 de 15 de junio de 1973, 7 L.P.R.A. see. 1131. Manifestó el alto foro:

La designación de beneficiarios para los bienes depositados en la cooperativa, efectiva a la fecha del fallecimiento del socio, es una donación que ha de producir sus efectos a la muerte del donante. Como tal, nuestro ordenamiento dispone que se regirá por las reglas de la sucesión testamentaria. Art. 562 del Código Civil, 31 L.P.R.A. see. 1985. La validez de dicha liberalidad mortis causa está condicionada a que se guarden las solemnidades del testamento. Lage v. Central Fed. Savings, 108 D.P.R. 72, 88 (1978).

Aunque en este caso no se siguió la forma testamentaria, tal omisión nb acarrea la nulidad de la donación porque aquí, a diferencia de Lage v. Central Fed. Savings, supra, el Art. 31 de la Ley de Sociedades Cooperativas de Ahorro y Crédito, supra, provee para la tramitación de la liberalidad prescindiendo de las formalidades de la testamentaría. Ya en Lage v. Central Fed. Savings, supra, pág. 88 esc. 18, habíamos reconocido que por legislación especial se podían autorizar este tipo de donaciones. Por tratarse de un caso en donde por estatuto se ha eximido a esta particular donación mortis causa de la rigidez de los requisitos del testamento, resolvemos que es válida la trasmisión de *1053 los fondos del causante en la cooperativa a los beneficiarios designados".
Id., a la pág. 295 (nota al calce omitida).
La Sección 3 del Artículo V de las Reglas y Reglamento del Sistema de Retiro de la Universidad de Puerto Rico, aprobadas el 1 de julio de 1973, provee de forma análoga al antiguo Artículo 31 de la derogada Ley de Sociedades Cooperativas de Ahorro y Crédito, supra, que el Tribunal Supremo declaró vinculante en Rodríguez Pérez v. Sucn. Rodríguez, supra. Dicha Sección 3, supra, se lee así:

"ARTICULO V - BENEFICIOS POR MUERTE

Sección 3 - Muerte Después de la Jubilación

a. A la muerte de un pensionado con derecho a una anualidad, los beneficios a pagarse serán los siguientes:

(1) El cónyuge sobreviviente recibirá una anualidad equivalente al 50 por ciento de la anualidad que recibía el pensionado a la fecha de su muerte, pero nunca menos de $75.00 ni más de $150.00.

(2) Los beneficiarios designados o, en ausencia de designación, el cónyuge sobreviviente o sus herederos recibirán un pago global igual al exceso, si alguno, entre la cantidad total de sus aportaciones y el total de anualidades recibidas, pero nunca menos de $600, disponiéndose que no se pagará suma global alguna en los casos en que el pensionado hubiera dispuesto para el pago de una anualidad reversible."

Esta sección fue aprobada por el Consejo de Educación Superior, en su capacidad para aquel entonces como organismo rector de la Universidad de Puerto Rico. Como se advierte de su lectura, la Sección 3 arriba citada provee que el cónyuge sobreviviente o los herederos recibirán los beneficios por muerte del jubilado solamente si éste no designó beneficiarios en la tarjeta correspondiente. Eso significa en este caso, que los beneficios por muerte del causante Luis A. Irizarry Freyre corresponden a su ex-esposa, Elsa Esterrich Martínez, única beneficiaría designada. 
II
Frente a este resultado, la apelante Esther Irizarry Freyre argumenta que este caso se diferencia de Rodríguez Pérez v. Sucn. Rodríguez, supra, porque la autorización para disponer mediante carta testamentaria de los beneficios por muerte proviene de un reglamento y no de una ley, y la ley de la U.P.R. no contiene una "expresión que de alguna forma disponga o provea para la existencia de un mecanismo de designación de beneficiarios al momento de fallecer el empleado de la Universidad de Puerto Rico o pensionado del sistema. Escrito de Apelación, pág. 10. A su juicio, "[cjomo el legislador no dispuso en la Ley... la creación del mecanismo de designación de beneficiarios, ni tampoco de una tarjeta testamentaria, es forzoso acudir a las leyes que gobiernan todo asunto relacionado con las donaciones mortis causa."Id., págs. 10-11. Argumenta la apelante que "siendo de mayor rango la ley que dispone lo relativo a donaciones mortis causa y sobre las solemnidades del testamento, entonces '(n)o hay duda que la disposición reglamentaria tiene que ceder ante el mandato legislativo", Díaz v. Secretario de Hacienda, 114 D.P.R. 865 [1983]. Escrito de Apelación, págs. 11-12.
Como puede apreciarse, la premisa errónea sobre la que descansa el argumento de la apelante es que existe un conflicto entre la ley universitaria y las Reglas y Reglamento del Sistema de Retiro de la U.P.R. Nada más lejos de la realidad. La Ley Núm. 1 de 20 de enero de 1966, según enmendada, conocida como la "Ley de la Universidad de Puerto Rico", dispone en su Artículo 3(e)(5), 18 L.P.R.A. sec. h02(e)(5), como sigue:

"§ 602. Junta de Síndicos de la Universidad de Puerto

(a).

(e) Deberes y Atribuciones Indelegables de la Junta.-

*1054
(5) Aprobar o enmendar el Reglamento General de la Universidad, el Reglamento General de Estudiantes, el Reglamento de Estudiantes de cada recinto, el Reglamento del Sistema de Retiro y cualquier otro reglamento de aplicación general, sujeto a las disposiciones de las sees. 2101 et seq. del Título 3, conocidas como "Ley de Procedimiento Administrativo Uniforme".

Esta disposición de ley no es otra cosa que la tradicional delegación de facultades cuasi-legislativas a una agencia o instrumentalidad administrativa. En este caso, la U.P.R. fue facultada no sólo de forma general, sino de manera expresa, a reglamentar su sistema de retiro. Sobre la naturaleza de este sistema, véase Bayrón Toro v. Serra, 119 D.P.R. 605 (1987).
La razón de ser de esta delegación es evidente:

"El poder legislativo, claro está, no podía entender directamente en todos los aspectos del problema que había identificado. La creciente complejidad de la vida moderna y la multiplicación de los eventos y servicios a fiscalizarse hacían necesaria la delegación de poderes por la Asamblea Legislativa a un organismo especializado que pudiese encararlo en todos sus frentes. Esta delegación de autoridad bajo criterios amplios no se cuestiona hoy día. Si la reglamentación promulgada por la agencia para implementar la encomienda que se le ha hecho cae dentro de los amplios poderes delegados, y no es arbitraria o caprichosa, tiene el visto bueno judicial."

Viajes Gallardo v. Clavell, Opinión de 30 de junio de 1992, 92 J.T.S. 90, págs. 9683-9684.
Partiendo de esta premisa, es claro que no era necesario que la Asamblea Legislativa expresara en la Ley de la U.P.R. que autorizaba a la Junta de Síndicos a crear un mecanismo de designación de beneficiarios. Esa autoridad se entiende comprendida dentro de la facultad delegada a la Junta de Síndicos de reglamentar todo lo referente al Sistema de Retiro. Es lógico que para llevar a cabo una tarea tan compleja, la Asamblea Legislativa delegara a la Junta de Síndicos unos poderes con normas amplias y generales y una gran discreción en el desarrollo y ejecución de la política pública referente al sistema de retiro. M.& B.S., Inc. v. Depto. de Agricultura, 118 D.P.R. 319, 326 (1987); Torres Arzola v. Policía de P.R., 117 D.P.R. 204, 211 (1986); López v. Junta Planificación, 80 D.P.R. 646, 661 (1958); Hilton Hotels v. Junta Salario Mínimo, 14 D.P.R. 670, 692-93 (1953).
Coincidimos con el ilustrado foro de instancia en que la posición de la apelante Esther Irizarry Freyre es insostenible y sólo tendría el efecto de anular las disposiciones reglamentarias del Sistema de Retiro de la U. P.R. en cuanto a la designación de beneficiarios por muerte. Ello afectaría un gran número de acreedores a los beneficios por muerte que provee el sistema. No hay nada en la ley que prohíba el establecimiento del mecanismo de designación de beneficiarios establecido mediante reglamento. La amplia facultad delegada a la Junta de Síndicos de la U.P.R. para reglamentar lo referente a dicho sistema de retiro nos hace concluir que es válido el procedimiento mediante el cual el causante designó a la apelada Elsa Esterrich Martínez como única beneficiaría de los fondos por muerte.
III
La apelante Esther Irizarry Freyre ataca también la conclusión que expresó el Tribunal de Primera Instancia en la páginas 4 y 5 de su sentencia, respecto a que el caso de Rodríguez Pérez v. Sucn. Rodríguez, supra, pág. 296, establece que las aportaciones de una persona casada, en ausencia de capitulaciones, se presumen gananciales, a base de lo dispuesto en el Artículo 1307 del Código Civil, 31 L.P.R.A. see. 3647. 
Coincidimos con la apelada Esterrich Martínez en que esa doctrina no afecta el resultado en este caso ya que de todos modos, la totalidad (no sólo la porción presumiblemente ganancial) del dinero acumulado por el causante durante su matrimonio, y luego de disuelto éste, pasó a su ex-esposa (Esterrich Martínez), única beneficiaría designada. La discusión del tribunal de instancia al respecto constituye un dictum inconsecuente. Recuérdese que la apelación se da contra la sentencia y no contra sus fundamentos. Piñeiro v. International Air Services of P.R., Inc., Opinión de 18 de marzo de 1996, 96 J.T.S. 39, pág. 845; Vélez Rodríguez v. Amaro Cora, Opinión de 10 de abril de 1995, 95 J.T.S. 38, pág. 759; Alvarez Figueredo v. González Lamela, Opinión de-23 de octubre de 1993, 93 J.T.S. 132, pág. 11142; Toledo Maldonado v. Cartagena Ortiz, Opinión de 21 de diciembre de 1992, 92 J.T.S. *1055 173, pág. 10228; García v. Montero Saldaña, 107 D.P.R. 319, 331 (1978).
En el caso de autos procedía la sentencia sumaria dictada. No existe controversia de hechos y el derecho favorece a la co-demandada-apelada, Elsa Esterrich Martínez. Regla 36.3 de Procedimiento Civil; Pilot Life Ins. Co. v. Crespo Martínez, Opinión de 13 de julio de 1994, 94 J.T.S. 104, págs. 20-21; Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714, 720 (1986); Roth v. Lugo, 87 D.P.R. 386, 397 (1963).
IV
Por todo lo expuesto, se confirma la sentencia del Tribunal de Primera Instancia emitida el 22 de julio de 1996.
Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 55
1. Esta ley fue derogada y sustituida por la Ley Núm. 6 de 15 de enero de 1990, según enmendada, conocida como la "Ley de Sociedades Cooperativas de Ahorro y Crédito de 1989", 1 L.P.R.A. see. 1351 y ss. Disposiciones similares aparecen en el Artículo 6.06 de dicha ley, id., sec. 1356e.
2. El Consejo de Educación Superior fue sustituido como órgano rector de la universidad del Estado por la Junta de Síndicos creada por la Ley Núm. 16 de 16 de junio de 1993, 18 L.P.R.A. see. 602. Véase C.E.S. U.P.R. v. Gobernador, Opinión de 23 de septiembre de 1994, 94 J.T.S. 125. Por disposición expresa de la referida ley [supra, Sec. 1(f)(1)], "[t]oda la reglamentación, así como todas las certificaciones aprobadas por el anterior Consejo de Educación Superior relacionadas con la Universidad de Puerto Rico que estaban en vigencia al momento de aprobarse esta ley, continuarán vigentes hasta que la Junta de Síndicos que aquí se crea, las modifique o revoque." El Reglamento del Sistema de Retiro de la U.P.R. es una de esas disposiciones que continúan vigentes.
3. Por otro lado, si bien es cierto que en Rodríguez Pérez v. Sucn. Rodríguez, supra, pág. 296, el Tribunal' Supremo recalcó que la designación'de beneficiarios "no es licencia para que se vulneren los derechos del cónyuge viudo ni las legítimas de los herederos forzosos...", esa nota cautelar no es de aplicación en este caso porque el causante no dejó herederos forzosos.
Quaere si a la luz de lo resuelto respecto al derecho del ex-cónyuge sobreviviente a la cuota viudal usufructuaria en Ripoll Albizu v. Rosa Pagán, 121 D.P.R. 1 (1988); López Valdés v. Tribunal Superior, 96 D.P.R. 779 (1968); Vidal v. Monagas, 66 D.P.R. 622 (1946); Pirela v. Registrador, 65 D.P.R. 955 (1946); Marxuach v. Registrador, 57 D.P.R. 134 (1940); y Tormes Ex Parte, 53 D.P.R. 417 (1938), la ex-esposa debe considerarse cónyuge sobreviviente según el término fue empleado en Rodríguez Pérez v. Sucn. Rodríguez, supra. No estamos ante una cuota viudal usufructuaria y de todos modos, el ex-cónyuge sobreviviente —la Sra. Esterrich Martínez— resulta ser también la única beneficiaría y no hay herederos forzosos.
La aplicabilidad por analogía de esa jurisprudencia no fue planteada por la parte apelante. Lo mencionamos meramente para dejar claro que el resultado al que llegamos no adjudica la cuestión de una forma u otra.
4. Dispone:

"§ 3647. Bienes del matrimonio se reputan gananciales.

Se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o ala mujer."